# JASON CASIANO *v.* COMMISSIONER OF CORRECTION
## (AC 23358)

Foti, Dranginis and West, Js.

Submitted on briefs September 19—officially released October 14, 2003

*Brian D. Russell* filed a brief for the appellant (petitioner).

*Michael Dearington,* state's attorney, and *Lisa A. Riggione* and *Linda N. Howe,* senior assistant state's attorneys, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Jason Casiano, appeals following the denial by the habeas court of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. The petitioner claims that the court improperly determined that his trial counsel, Lawrence S. Hopkins, had provided effective assistance. Specifically, the petitioner claims that Hopkins was ineffective by (1) not conducting a pretrial investigation into the petitioner's education and substance abuse background, (2) failing to have certain witnesses testify at the hearing on a motion to suppress certain evidence, (3) coercing the petitioner to accept a plea bargain that was not offered, (4) failing to communicate with the petitioner and (5) not requesting a

continuance to prepare for trial. We dismiss the petitioner's appeal.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. The petitioner entered conditional pleas of nolo contendere to charges of felony murder in violation of General Statutes § 53a-54c, attempt to commit robbery in the first degree in violation of General Statutes §§ 53a-134 and 53a-49, and conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-134 and 53a-48. The petitioner thereafter was sentenced to a total effective term of fifty years incarceration. The petitioner then appealed from the trial court's ruling denying his motion to suppress a statement he gave to the police. This court denied the petitioner's appeal. *State* v. *Casiano*, 55 Conn. App. 582, 740 A.2d 435 (1999), cert. denied, 252 Conn. 942, 747 A.2d 518 (2000).

The petitioner subsequently filed a five count petition for a writ of habeas corpus, claiming that a variety of acts and omissions by Hopkins denied the petitioner the effective assistance of counsel. The habeas court, after hearing testimony over a period of five days, denied the petitioner's habeas petition. The court thereafter denied the petition for certification to appeal from the denial. This appeal followed.

"Faced with a habeas court's denial of a petition for certification to appeal, a petitioner can obtain appellate review of the dismissal of his petition for habeas corpus only by satisfying the two-pronged test enunciated by our Supreme Court in *Simms* v. *Warden*, 229 Conn. 178, 640 A.2d 601 (1994), and adopted in *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). First, he must demonstrate that the denial of his petition for certification constituted an abuse of discretion. . . . Second, if the petitioner can show an abuse of discre-

tion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Citations omitted; internal quotation marks omitted.) *Reddick* v. *Commissioner of Correction*, 51 Conn. App. 474, 476–77, 722 A.2d 286 (1999).

In denying the petition for certification to appeal from the denial of the petition for a writ of habeas corpus, the court stated that its "dismissal of the habeas petition was based upon the court's factual determination after a consideration of all the evidence presented at the habeas trial and the court's further assessment of the credibility of all witnesses who testified at the habeas trial."

"This court does not retry the case or evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . In a case that is tried to the court . . . the judge is the sole arbiter of the credibility of witnesses, and the weight to be given to their specific testimony." (Internal quotation marks omitted.) *Jackson* v. *Commissioner of Correction*, 68 Conn. App. 190, 194, 791 A.2d 588, cert. denied, 260 Conn. 910, 795 A.2d 544 (2002). Furthermore, the habeas court had before it sufficient evidence to find as it did. There was ample evidence to support the court's finding that the petitioner's trial counsel was not ineffective.

After thoroughly reviewing the record and briefs, we conclude that the petitioner has failed to make a substantial showing that he has been denied a state or

federal constitutional right. Furthermore, the petitioner has failed to sustain his burden of persuasion that the court's denial of his petition for certification to appeal was a clear abuse of discretion or that an injustice has been committed. See *Simms* v. *Warden*, supra, 230 Conn. 612.

The appeal is dismissed.