# STATE OF CONNECTICUT *v.* JASON CASIANO
## (SC 17600)

Sullivan, C. J., and Borden, Norcott, Katz,
Palmer, Vertefeuille and Zarella, Js.[1]

Argued March 9, 2006—officially released May 29, 2007

[1] The listing of justices reflects their seniority status on this court as of the date of argument.

*Katharine Goodbody*, with whom was *Jason Casiano*, pro se, for the appellant (defendant).

*Martin Zeldis*, public defender, with whom was *Gerard A. Smyth*, chief public defender, for the appellee (intervenor office of the chief public defender).

*Opinion*

PALMER, J. This case comes before us on a motion for review filed by the defendant, Jason Casiano, who is indigent, challenging the trial court's denial of his

application for the appointment of counsel in connection with his appeal from the trial court's denial of his motion to correct an illegal sentence. The defendant claims that General Statutes § 51-296 (a)[2] entitles him to the assistance of counsel for the purpose of appealing the denial of his motion to correct an illegal sentence. We agree with the defendant.[3]

The following undisputed facts and procedural history are relevant to our resolution of the defendant's claim. In 1995, the defendant was arrested and charged with felony murder, attempt to commit robbery in the first degree and conspiracy to commit robbery in the first degree. Following plea negotiations, and pursuant to General Statutes (Rev. to 1995) § 54-94a,[4] the defen-

[2] General Statutes § 51-296 (a) provides in relevant part: "In any criminal action, in any habeas corpus proceeding arising from a criminal matter, in any extradition proceeding, or in any delinquency matter, the court before which the matter is pending shall, if it determines after investigation by the public defender or his office that a defendant is indigent as defined under . . . chapter [887], designate a public defender, assistant public defender or deputy assistant public defender to represent such indigent defendant, unless, in a misdemeanor case, at the time of the application for appointment of counsel, the court decides to dispose of the pending charge without subjecting the defendant to a sentence involving immediate incarceration or a suspended sentence of incarceration with a period of probation or the court believes that the disposition of the pending case at a later date will not result in a sentence involving immediate incarceration or a suspended sentence of incarceration with a period of probation and makes a statement to that effect on the record. If it appears to the court at a later date that, if convicted, the sentence of an indigent defendant for whom counsel has not been appointed will involve immediate incarceration or a suspended sentence of incarceration with a period of probation, counsel shall be appointed prior to trial or the entry of a plea of guilty or nolo contendere."

[3] The defendant also claims that he has a right under the federal and state constitutions to the assistance of counsel in connection with his appeal from the denial of his motion to correct an illegal sentence. Because we conclude that the defendant is entitled to the appointment of counsel under § 51-296 (a), we do not reach the defendant's constitutional claim. See, e.g., State v. Smith, 280 Conn. 285, 295 n.6, 907 A.2d 73 (2006) (this court generally eschews unnecessary determinations of constitutional issues).

[4] General Statutes (Rev. to 1995) § 54-94a provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's

dant entered a plea of nolo contendere to all three charges. The trial court, *Devlin, J.*, accepted the defendant's plea, which was conditioned on his right to appeal from the denial of his motion to suppress certain incriminating statements that he had made to the police prior to his arrest. In accordance with the plea agreement, the trial court sentenced the defendant to a total effective prison term of fifty years. On appeal, the Appellate Court rejected the defendant's challenge to the denial of his motion to suppress and affirmed the trial court's judgment. *State* v. *Casiano*, 55 Conn. App. 582, 591, 740 A.2d 435 (1999), cert. denied, 252 Conn. 942, 747 A.2d 518 (2000).

Thereafter, the defendant, acting pro se, filed a motion to correct an illegal sentence pursuant to Practice Book § 43-22.[5] In his motion, the defendant alleged that his sentence had been imposed in violation of his state and federal constitutional rights because his plea was not knowing and voluntary. Specifically, the defendant claimed that his trial counsel erroneously had advised him that he would serve no more than thirty-two and one-half years of his fifty year sentence. The trial court, *Fasano, J.*, denied the defendant's motion on the ground that the defendant's claim was not appropriate for a motion under § 43-22.[6]

---

motion to suppress evidence based on an unreasonable search or seizure, motion to suppress statements and evidence based on the involuntariness of a statement or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

[5] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

[6] We note that the defendant previously had filed a petition for a writ of habeas corpus in which he raised, among other things, the same essential claim that he raised in his motion to correct an illegal sentence. See *Casiano*

Subsequently, the public defender's office, on behalf of the defendant, filed a motion for waiver of fees and costs to appeal, and an application for the appointment of appellate counsel pursuant to Practice Book § 43-33.[7] The trial court granted the defendant's motion for waiver of fees and costs but denied his application for the appointment of appellate counsel. The defendant, acting pro se, appealed to the Appellate Court from the denial of his motion to correct an illegal sentence and from the denial of his application for the appointment of appellate counsel. The Appellate Court, sua sponte, dismissed that portion of the defendant's appeal challenging the trial court's denial of his application for the appointment of counsel. The Appellate Court concluded that, under Practice Book § 63-7,[8] a motion for review is the sole mechanism for such a challenge. Without reaching the merits of the defendant's motion to correct an illegal sentence, the Appellate Court remanded the case to the trial court with direction to appoint a special public defender for the limited purpose of filing a motion for review of the trial court's denial of the defendant's application for the appointment of counsel. In particular, the Appellate Court ordered appointed counsel "to address in the motion for review whether the defendant is entitled to a public defender to represent him in [his] appeal from the denial of his motion to

v. *Commissioner of Correction*, 79 Conn. App. 828, 828–29, 832 A.2d 77 (2003). The habeas court, *Ginocchio, J.*, denied the defendant's habeas petition and also denied the defendant's petition for certification to appeal. Id., 829. The Appellate Court dismissed the defendant's appeal, concluding that the defendant had failed to demonstrate that the habeas court improperly had denied the defendant's petition for certification to appeal. Id., 831.

[7] Practice Book § 43-33 provides in relevant part: "(a) An indigent defendant who wishes to prosecute his or her appeal may apply to the court from which the appeal is taken for the appointment of counsel to prosecute the defendant's appeal . . . ."

[8] Practice Book § 63-7 provides in relevant part: "The sole remedy of any defendant desiring the court to review an order concerning the waiver of fees, costs and security or the appointment of counsel shall be by motion for review under [Practice Book §] 66-6."

correct an illegal sentence." Finally, the Appellate Court granted intervenor status to the office of the chief public defender "for the purpose of filing an opposition to the motion for review . . . ." Thereafter, the defendant filed a motion for review[9] challenging the denial of his application for the appointment of counsel, which we transferred from the Appellate Court to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

In this court, the defendant claims that § 51-296 (a) affords him the right to the assistance of counsel in connection with his appeal from the denial of his motion to correct an illegal sentence. In particular, the defendant claims that a motion to correct an illegal sentence and his appeal from the denial of that motion fall within the purview of the term "any criminal action" for purposes of § 51-296 (a).[10] The office of the chief public defender objects to the mandatory appointment of counsel for the purpose of filing a motion to correct an illegal sentence only if the motion is devoid of merit. In other words, the office of the chief public defender does not object to the appointment of counsel for the purpose of determining whether a sound basis exists for the filing of such a motion and, if such a basis exists, for the purpose of representing the defendant in connection with the preparation and filing of the motion and any direct appeal from the denial of the

[9] Appointed counsel originally filed a motion for review on January 17, 2006. With the permission of the Appellate Court, appointed counsel filed an amended motion for review on February 6, 2006.

We note that the defendant also filed a pro se motion for review. Because that motion for review and the motion for review filed by appointed counsel on the defendant's behalf are similar in all material respects, we treat them as one motion.

[10] The state, which is not a party to the defendant's appeal, has taken no position on the issue of whether the defendant is entitled to the assistance of counsel in connection with his appeal from the denial of his motion to correct an illegal sentence.

motion. We agree with the office of the chief public defender that § 51-296 (a) entitles an indigent defendant to the assistance of counsel for the purpose of determining whether a legitimate basis exists for the filing of such a motion and, if so, for the purpose of representing the defendant in the preparation and filing of the motion and, thereafter, in connection with any direct appeal from the denial of the motion.[11]

Whether § 51-296 (a) affords an indigent criminal defendant the right to the assistance of counsel in connection with the filing of a motion to correct an illegal sentence and any direct appeal from the denial thereof presents a question of statutory interpretation over which our review is plenary. See, e.g., *Barry* v. *Quality Steel Products, Inc.*, 280 Conn. 1, 8, 905 A.2d 55 (2006). "The process of statutory interpretation involves the determination of the meaning of the statutory language as applied to the facts of the case, including the question of whether the language does so apply."[12] (Internal quotation marks omitted.) Id.

We begin, therefore, with the language of General Statutes § 51-296 (a), which provides in relevant part that a court shall appoint counsel to represent an indigent criminal defendant "[i]n any criminal action . . . ." The term "any criminal action" is not statutorily defined, and neither § 51-296 nor any other statutory

[11] We do not address the merits of the defendant's appeal from the trial court's denial of his motion to correct an illegal sentence. We also express no opinion as to whether his motion is proper under Practice Book § 43-22; see footnote 5 of this opinion; or whether, even if the defendant's motion sets forth a claim that properly may be raised pursuant to § 43-22, he nevertheless is estopped from doing so in light of the adverse resolution of his petition for a writ of habeas corpus. See footnote 6 of this opinion.

[12] We are mindful that, under General Statutes § 1-2z, we cannot look beyond the text of the statutory language if that language, as applied to the facts of the case, is plain and unambiguous and does not yield a bizarre or unworkable result. There is no dispute that the statutory language at issue in this case, however, is not plain and unambiguous as applied.

provision specifies whether the term includes a challenge to the legality of a sentence pursuant to Practice Book § 43-22.

Our resolution of that question, however, is guided by our analysis and holding in *Gipson* v. *Commissioner of Correction*, 257 Conn. 632, 778 A.2d 121 (2001), in which this court recently examined the meaning of the term "any criminal action" for purposes of § 51-296 (a). In *Gipson*, the petitioner, Bernard Gipson, was convicted of robbery in the first degree. Id., 634–35. Because Gipson was indigent, counsel was appointed to represent him in connection with his direct appeal to the Appellate Court, which affirmed the judgment of conviction. Id., 635. Gipson thereafter filed a petition for a writ of habeas corpus, claiming, inter alia, that his right to the effective assistance of counsel had been violated because his court-appointed appellate counsel had failed to file a petition for certification to appeal to this court. Id. The habeas court rejected Gipson's claim but granted his petition for certification to appeal to the Appellate Court. Id., 636. On appeal, the Appellate Court concluded, as a threshold matter, that § 51-296 (a) did not afford Gipson the right to the assistance of counsel for the purpose of filing a petition for certification to appeal to this court.[13] Id., 637.

Thereafter, this court granted Gipson's petition for certification to decide, inter alia, whether he had a right to the assistance of counsel in connection with the filing of a petition for certification seeking this court's review of a judgment of the Appellate Court affirming a trial

[13] The Appellate Court reasoned that, because Gipson was not entitled to the assistance of counsel in connection with the filing of a petition for certification to appeal to this court, he could not claim that he was denied the *effective* assistance of counsel by virtue of his appointed attorney's failure to file such a petition. See *Gipson* v. *Commissioner of Correction*, 54 Conn. App. 400, 403, 406, 421, 735 A.2d 847 (1999), rev'd, 257 Conn. 632, 778 A.2d 121 (2001).

court's judgment of conviction. See id., 638. We concluded that, for purposes of § 51-296 (a), the term "any criminal action" includes all appeals, including petitions for certification, and not just first appeals as of right. Id., 638, 646. We therefore reversed the judgment of the Appellate Court. Id., 653.

In concluding that Gipson was entitled to counsel under § 51-296 (a), we first observed that the word "any" connotes "all" or "every." Id., 640. We further observed that "the legislature, in using the word 'any' to modify the term 'criminal action,' intended that term to be broad, rather than restrictive, in scope." Id. With respect to the word "action," we explained that its meaning may vary depending on the context in which it is used and, therefore, that it was appropriate to employ a functional approach to ascertain the meaning of the word for purposes of § 51-296 (a). Id., 641. Looking to the legislative history of § 51-296, we concluded that that history supported the view that the word "action" includes a discretionary appeal to this court because, at the time § 51-296 was enacted, it already was well established that a criminal defendant had a constitutional right to the assistance of counsel in connection with his or her first appeal as of right. Id., 645. We further noted that, although the legislature could have limited the mandatory appointment of counsel to first appeals as of right, it manifested an intent to make the appointment of counsel mandatory for *all* appeals by placing the word "any" before the term "criminal action . . . ." (Internal quotation marks omitted.) Id., 646.

We found additional support for the conclusion that the term "any criminal action" encompasses all direct appeals because the statutory predecessors to § 51-296 (a) explicitly had limited the term "any criminal action" to "any criminal action in the court of common pleas" and "any criminal action in the circuit court . . . ."

(Internal quotation marks omitted.) Id., 647. By contrast, § 51-296 (a) does not qualify or limit the term in any way. Id. We further noted that the primary purpose of the public act that included § 51-296 was the creation of a public defender services commission to administer the public defender system in lieu of the judges of the Superior Court. Id., 648. We stated: "There is nothing in the history of [the public act] to indicate that the legislature, in establishing a public defender services commission and consolidating the provisions pertaining to the appointment of counsel under the new statutory scheme relating to that commission, intended to eliminate any rights that previously had been afforded indigent defendants. Indeed, the sparse legislative history that bears on this issue suggests a contrary conclusion." Id.

We also observed that, under a statutory provision that was part of the same public act as § 51-296, mandated public defender services consisted of those duties carried out by our state's public defenders prior to October 1, 1975. Id., 648–49, citing Public Acts 1974, No. 74-317, § 1 (codified at General Statutes [Rev. to 1975] § 51-289). Because public defenders had represented indigent defendants at all levels of appeal prior to that date, we concluded that interpreting § 51-296 to exclude discretionary appeals would conflict with the express mandate of the public act of which § 51-296 was a part. *Gipson* v. *Commissioner of Correction,* supra, 257 Conn. 649. We also noted that since the enactment of § 51-296, public defenders consistently have provided indigent defendants with assistance in filing petitions for certification to appeal to this court. Id., 651. In light of this uninterrupted history, we concluded that it was appropriate to infer that the legislature was aware of the practice, and that it also was reasonable to treat the legislature's failure to take corrective action as tacit approval of the statutory interpretation on which that practice had been predicated. Id., 651–52.

We noted, finally, that Gipson had "not claim[ed] that § 51-296 (a) requires appointed counsel to file a petition for certification on behalf of an indigent criminal defendant irrespective of whether a sufficient basis exists for the filing of such a petition. Rather, [Gipson] claim[ed], and we agree[d], that an indigent criminal defendant has the right to the assistance of counsel for purposes of determining whether a sound basis exists for the filing a petition for certification. If such basis does exist, the defendant has the right to the assistance of counsel in preparing and filing the petition and, if the petition is granted, the right to counsel's assistance in connection with the appeal to this court." Id., 638–39 n.13.

In light of the nature of a motion to correct an illegal sentence, we conclude that, under our expansive interpretation of the term "any criminal action" in *Gipson*, that language is sufficiently broad in scope to encompass such a motion and any direct appeal from a denial of the motion. A motion to correct an illegal sentence under Practice Book § 43-22 constitutes a narrow exception to. the general rule that, once a defendant's sentence has begun, the authority of the sentencing court to modify that sentence terminates.[14] Cf. *State* v. *Lawrence*, 281 Conn. 147, 153–55, 913 A.2d 428 (2007).

---

[14] "Connecticut has recognized two types of circumstances in which the [sentencing] court has jurisdiction to review a claimed illegal sentence. The first of those is when the sentence itself is illegal, namely, when the sentence either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. . . . The other circumstance in which a claimed illegal sentence may be reviewed is that in which the sentence is within the relevant statutory limits . . . but [is] imposed in a way which violates [the] defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely in the record, or his right that the government keep its plea agreement promises . . . ." (Citations omitted; internal quotation marks omitted.) *State* v. *Lawrence*, 91 Conn. App. 765, 773–74, 882 A.2d 689 (2005), aff'd, 281 Conn. 147, 913 A.2d 428 (2007).

Indeed, "[i]n order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding [itself] . . . must be the subject of the attack." Id., 158. Therefore, the motion is directed to the sentencing court, which can entertain and resolve the challenge most expediently. *Cobham* v. *Commissioner of Correction*, 258 Conn. 30, 39, 779 A.2d 80 (2001). Moreover, the sentencing court possesses the sole authority: "[to] reconstruct the sentence to conform to its original intent or the plea agreement; [to] eliminate a sentence previously imposed for a vacated conviction; or [to] resentence a defendant if it is determined that the original sentence was illegal." Id. Because a motion to correct an illegal sentence is heard by the sentencing court and implicates the legality of the proceeding at which the original sentence was imposed, the motion necessarily bears a close and direct relationship to the original sentencing proceeding. The evident nexus between a motion to correct an illegal sentence and the original sentencing hearing, coupled with the fact that a criminal defendant is constitutionally entitled to the assistance of counsel at that original hearing; e.g., *State* v. *Williams*, 199 Conn. 30, 45, 505 A.2d 699 (1986); provides strong support for the defendant's claim that a motion to correct an illegal sentence falls within the purview of "any criminal action" for purposes of § 51-296 (a).[15]

Furthermore, we recently have reiterated that a criminal defendant may seek to correct an illegal sentence either by way of a motion under Practice Book § 43-22 or via a direct appeal. *State* v. *Tabone*, 279 Conn. 527, 534, 902 A.2d 1058 (2006). In this state, because our

---

[15] We therefore disagree with the office of the chief public defender that a motion to correct an illegal sentence is "ancillary to and derivative of" a criminal action. Although a motion to correct an illegal sentence may be brought at any time, the motion is not collateral to or separate from the underlying criminal action because it directly implicates the legality of the sentencing proceeding and is addressed to the sentencing court itself.

criminal statutes provide for a first appeal as of right, a defendant who challenges the legality of his or her sentence on direct appeal is entitled to the assistance of counsel in connection with that appeal. See *Gipson* v. *Commissioner of Correction*, supra, 257 Conn. 645 (indigent defendant has constitutional right to counsel in connection with first appeal as of right). It would be odd for the legislature to deny the defendant the right to counsel merely because the defendant has chosen a wholly proper, alternate route to challenge the legality of his sentence, namely, a motion to correct an illegal sentence, rather than by way of a direct appeal. Indeed, as we previously have explained, such a motion frequently will be the most expeditious and efficient mechanism to obtain the relief sought. We are unwilling to conclude that the legislature would discourage indigent defendants from following that approach by denying them the right to counsel in connection with a motion to correct an illegal sentence filed pursuant to Practice Book § 43-22.

Finally, our conclusion is buttressed by the importance of the sentencing phase of a criminal action. Of course, "[t]he sentencing process is a critical stage of a criminal trial"; (internal quotation marks omitted) *James L.* v. *Commissioner of Correction*, 245 Conn. 132, 144, 712 A.2d 947 (1998); at which the defendant has a federal and state constitutional right to the assistance of counsel. See id. Indeed, this court also has held that an indigent criminal defendant has a constitutional right to the assistance of counsel at a hearing before the sentence review division of the Superior Court held in connection with an application for sentence review under General Statutes § 51-195.[16] See *Consiglio* v. *War-*

---

[16] "In contrast to Practice Book § 43-22, the relief of the legislation creating the sentence review division is to afford *properly* sentenced and convicted persons a limited appeal for a reconsideration of their sentence . . . rather than an avenue to correct an illegally imposed sentence. The sentence review division offers defendants an optional, de novo hearing as to the punishment to be imposed. . . . The purpose of the legislation was to create a forum

*den,* 153 Conn. 673, 677, 220 A.2d 269 (1966); see also id., 677 n.1 ("[t]he entire sentence review procedure is sufficiently a part of the original trial so that [an indigent criminal defendant is entitled to] representation in sentence review proceedings, including any resentencing made necessary by the action of the review division"). Like sentence review, a motion to correct an illegal sentence may be characterized as "an integral, even though optional, part of a post conviction sentencing proceeding . . . ." Id., 679. In view of the broad language of § 51-296 (a), the close connection between the sentencing proceeding and a motion to correct an illegal sentence, and the critical importance of the sentencing phase of any criminal case, we are persuaded that an indigent criminal defendant has a right to the appointment of counsel for representation in connection with a motion under Practice Book § 43-22.

Because a motion to correct an illegal sentence is limited in scope, however, we see no reason why the legislature would have intended, under § 51-296 (a), to require appointed counsel to prepare and file such a motion even though the claim is not properly brought under Practice Book § 43-22 or the claim is otherwise devoid of merit. In other words, by its nature, a motion to correct an illegal sentence will not be appropriate in every case, and, therefore, we do not believe that the legislature intended for appointed counsel to be required to file such a motion even if it is frivolous or improper. We conclude, therefore, that a defendant has a right to the appointment of counsel for the purpose of determining whether a defendant who wishes to file such a motion has a sound basis for doing so. If appointed counsel determines that such a basis exists, the defendant also has the right to the assistance of

in which to equalize the penalties imposed on similar offenders for similar offenses." (Citations omitted; emphasis in original.) *State* v. *Taylor,* 91 Conn. App. 788, 794, 882 A.2d 682, cert. denied, 276 Conn. 928, 889 A.2d 819 (2005).

such counsel for the purpose of preparing and filing such a motion and, thereafter, for the purpose of any direct appeal from the denial of that motion.

The defendant's motion for review is granted, the trial court's denial of the defendant's application for the appointment of counsel is reversed and the case is remanded to that court with direction to grant the defendant's application for the appointment of counsel.

In this opinion the other justices concurred.