******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

*Syllabus*

The defendant, who previously had been convicted of the crime of murder, appealed to this court from the judgment of the trial court denying his motion to correct an illegal sentence. In his motion to correct an illegal sentence, the defendant claimed that his sentence of thirty-five years of incarceration violated, inter alia, the prohibition in the state constitution against cruel and unusual punishment. Specifically, the defendant claimed that, despite the fact that he was nineteen years old at the time he committed the offense, the court unconstitutionally failed to consider mitigating factors related to his young age, which it would have been constitutionally required to consider had he committed the offense when he was less than eighteen years old. The trial court sua sponte denied the defendant's motion to correct an illegal sentence, without a hearing, and the defendant appealed to this court. After the defendant filed a motion requesting that the trial court comply with the applicable rule of practice (§ 64-1) by either filing a written memorandum of decision or by stating its decision orally in open court and then providing a signed copy of the transcript, the court ordered the parties to appear for the purpose of orally stating its decision on the record and, subsequently, signed a transcript of its oral decision and filed it with this court. *Held* that the trial court improperly denied the defendant's motion to correct an illegal sentence without first providing him with a meaningful opportunity to be heard on the motion: because that court was not authorized to dispose summarily of the motion pursuant to the applicable rule of practice (§ 43-22), or any other relevant legal authorities, an opportunity for a hearing was necessary prior to disposing of the entire proceeding on the defendant's motion, and the proceeding that took place after the court already had denied the motion to correct an illegal sentence did not constitute a sufficient opportunity for the defendant to be heard, as a careful review of the entire proceeding, including the statements of the court, demonstrated that the court had already decided to deny the motion and that the purpose of the subsequent proceeding was limited to the court's compliance with § 64-1 by orally stating the decision that it had reached months before; moreover, given that the defendant had attempted to raise an issue of first impression under our state constitution, namely, whether the increased understanding of psychology and brain science justifies interpreting our state constitutional guarantees protecting against cruel and unusual punishment to apply to individuals who were nineteen years old when they committed the underlying offense, he was entitled to make an evidentiary record of any facts that would be relevant to that novel claim, including evidence of the underlying brain science that would justify treating a nineteen year old like a seventeen year old, and the court frustrated the defendant's right to assert fully his claim by sua sponte adjudicating his motion without the benefit of an opportunity to be heard.

Argued September 24—officially released December 18, 2018

*Procedural History*

Substitute information charging the defendant with the crime of murder, brought to the Superior Court in the judicial district of New London, where the defendant was presented to the court, *Stanley, J.*, on a plea of guilty; judgment of guilty in accordance with the plea; thereafter, the court, *Strackbein, J.*, denied the defendant's motion to correct an illegal sentence, and the defendant appealed to this court; subsequently, the matter was transferred to our Supreme Court, which

transferred the matter back to this court. *Reversed*; *further proceedings*.

*Kevin W. Munn*, with whom, on the brief, was *Michael W. Brown*, for the appellant (defendant).

*Lawrence J. Tytla*, supervisory assistant state's attorney, with whom, on the brief, was *Michael L. Regan*, state's attorney, for the appellee (state).

*Opinion*

PRESCOTT, J. The defendant, Omar Miller, appeals from the trial court's denial of his motion to correct an illegal sentence. The defendant claims on appeal that the court improperly denied his motion to correct an illegal sentence without first conducting a hearing on the merits of the motion. We agree and, accordingly, reverse the judgment of the trial court and remand the case for further proceedings in accordance with this opinion.[1]

The record reveals the following undisputed facts and procedural history, which are relevant to our resolution of this appeal. On September 27, 1991, the defendant pleaded guilty to murder, in violation of General Statutes (Rev. to 1991) § 53a-54a. The defendant was nineteen years of age when he committed the offense. After he entered his plea, but before he was sentenced, he escaped from the custody of the Commissioner of Correction. On November 6, 1991, the trial court, *Stanley, J.*, sentenced the defendant, in absentia, to a thirty-five year term of incarceration. He remained at large until 1997, when he was apprehended in New York City and ultimately returned to Connecticut to begin serving his sentence.

On June 2, 2016, the defendant filed a pro se motion to correct an illegal sentence pursuant to Practice Book § 43-22.[2] The essence of the claim raised in the defendant's motion is that the thirty-five year sentence imposed on him by Judge Stanley violated article first, §§ 8 and 9, of our state constitution's prohibition against cruel and unusual punishment.[3] Specifically, the defendant asserted that, despite the fact that he was nineteen years old at the time he committed the offense, the court unconstitutionally failed to consider mitigating factors related to his young age, as it would be constitutionally required to had he committed the offense when he was less than eighteen years old.

On June 30, 2016, the trial court, *Strackbein, J.*, sua sponte denied the defendant's motion. Notice of the denial was sent to the defendant on July 5, 2016. On August 18, 2016, the defendant appealed from the denial of his motion to correct an illegal sentence.[4]

On September 1, 2016, in order to perfect his appeal, the defendant filed a motion requesting that the trial court comply with Practice Book § 64-1 by either filing a written memorandum of decision setting forth the factual and legal basis for denying his motion to correct an illegal sentence or by stating its decision orally in open court and then providing a signed copy of the transcript.[5] Upon receipt of the defendant's § 64-1 notice from the appellate clerk's office, the trial court ordered the parties to appear on September 29, 2016, for the purpose of orally stating its decision on the record. After doing so, the court signed a transcript of its oral

decision and filed it with this court. Additional facts and procedural history will be set forth as necessary.

The defendant claims that the trial court improperly denied his motion to correct an illegal sentence without first providing him an opportunity to be heard on the motion. The state claims that the court provided the defendant an adequate hearing on his motion at the September 29, 2016 proceeding. We agree with the defendant.

We begin by setting forth our standard of review. Whether the court is required to hold a hearing prior to disposing of a motion to correct an illegal sentence presents a question of law subject to plenary review. See *Green* v. *Commissioner of Correction*, 184 Conn. App. 76, 82, 194 A.3d 857, cert. denied, 330 Conn. 933, 195 A.3d 383 (2018); *State* v. *LaVoie*, 158 Conn. App. 256, 268, 118 A.3d 708, cert. denied, 319 Conn. 929, 125 A.3d 203 (2015), cert. denied, U.S. , 136 S. Ct. 1519, 194 L. Ed. 2d 604 (2016). Furthermore, to the extent that we are called upon to construe our rules of practice, that process is "governed by the same principles as those regulating statutory interpretation. . . . The interpretation and application of a statute, and thus a Practice Book provision, involves a question of law over which our review is plenary." (Internal quotation marks omitted.) *Meadowbrook Center, Inc.* v. *Buchman,* 328 Conn. 586, 594, 181 A.3d 550 (2018).

We first address whether a hearing is required before disposing of a motion to correct an illegal sentence. Practice Book § 43-22 does not contain any language that explicitly or implicitly permits the court to dispose of a motion to correct an illegal sentence without first providing an opportunity for a hearing. Additionally, we are not aware of, nor have the parties directed our attention to, any statutes or case law expressly or implicitly authorizing a court to dispose of a motion to correct an illegal sentence without a hearing.

Although we have construed other provisions of our rules of practice to allow the court to dispose of a petition or motion without a hearing; see, e.g., Practice Book § 23-24; *Green* v. *Commissioner of Correction,* supra, 184 Conn. App. 81–84;[6] no language in Practice Book § 43-22 can be construed to permit such action. Because the court is not authorized to dispose summarily of a motion to correct an illegal sentence pursuant to Practice Book § 43-22, or any other relevant legal authorities, we conclude that an opportunity for a hearing was necessary before disposing of the entire proceeding on the defendant's motion.

Next, we reject the state's argument that the "hearing" that took place on September 29, 2016, during which the court sought to comply with Practice Book § 64-1, constituted a sufficient opportunity for the defendant to be heard. By the time the defendant

appeared in court on September 29, 2016, the court already had denied the motion to correct an illegal sentence. Specifically, the court, *Strackbein, J.*, sua sponte denied the motion in chambers, without a hearing, and sent notice of this decision to the defendant. The purpose of the September 29, 2016 proceeding was to memorialize the court's decision to deny the motion to correct an illegal sentence and to set forth the factual and legal basis for that ruling. By September 29, 2016, the defendant already had appealed from the denial of his motion and sought the trial court's compliance with § 64-1.[7]

We recognize that aspects of the proceeding arguably could be construed as constituting a hearing on the motion. For example, during the proceeding, the defendant was given a brief opportunity to discuss the merits of his motion to correct an illegal sentence. The defendant stated that he was "trying to make a case of first impression based upon the brain science . . . that an individual's brain does not fully develop until the age of twenty-five."

Additionally, at one point the court stated that: "[O]n the motion to correct [an] illegal sentence that's in front of me today, I have to deny [the motion] . . . ." This statement, read in isolation, might suggest that the merits of the motion to correct an illegal sentence were considered anew at the proceeding. It was also, however, stated on multiple occasions throughout the proceeding that the court already had made its decision and that the hearing was solely for the purpose of putting that decision on the record. Therefore, we conclude that the purpose of this proceeding was limited to the court's compliance with Practice Book § 64-1 by orally stating the decision that it had reached months before.

Our conclusion is fully supported by a careful review of the entire proceeding. For example, the court explained: "The motion that's in front of us really today [is] a motion for the court to render a memorandum of decision, but we need to back up on that to go over what [the] motion to correct [an] illegal sentence actually was and what the state's position is on that." Accordingly, it is apparent that any discussion of the merits was strictly for the purpose of explaining the court's prior ruling. The court also stated to the defendant: "Because you wanted a memorandum of decision, this transcript will serve as that." The court again stated: "For today's purposes, the issue was you said, I was nineteen years old and I was a juvenile. *That's why I declined to go forward*, because that's legally insufficient. So, you're having a hearing now. You requested for the court to have a memorandum of decision regarding that . . . and *that's why we're here today*." (Emphasis added.) The court's statements demonstrate that it had already decided to deny the motion to correct an illegal sentence and that the purpose of the hearing simply was

to comply with Practice Book § 64-1.

Furthermore, during the September 29, 2016 proceeding, the state argued: "There's a pro se motion to correct [an] illegal sentence . . . filed with the court [on] July 18, 2016. . . . It's my understanding that Your Honor reviewed the allegation in the motion, and determined on the face of it that there was no cause for it, and summarily denied the motion to correct [an] illegal sentence. [The defendant], apparently, has chosen to pursue an appeal, and my understanding is that—I don't know the mechanism by which it was returned to the court for Your Honor to make a record and provide a basis for the ruling that Your Honor made. . . . As such, [the defendant is] entitled to a hearing to determine if he should have been afforded relief." Therefore, the state acknowledged at the hearing that the court already had summarily denied the motion to correct an illegal sentence, and that the purpose of the hearing was for the judge to provide a basis for the ruling that the court had already made. Although the supervisory assistant state's attorney concluded by stating that the defendant is entitled to a hearing to determine whether he should be afforded relief, the decision already had been made by the court summarily.[8] We, therefore, conclude that the proceeding held on September 29, 2016, did not constitute an adequate hearing on the merits of the defendant's motion.

A more fulsome discussion of the contours of the defendant's claim is helpful to explain why the trial court's failure to provide the defendant with a hearing was improper. "Although the unique aspects of adolescence had long been recognized in the [United States] Supreme Court's jurisprudence, it was not until [more recent cases] that the court held that youth and its attendant characteristics have constitutional significance for purposes of assessing proportionate punishment under the eighth amendment [to the United States constitution]." (Footnote omitted.) *State* v. *Riley*, 315 Conn. 637, 644–45, 110 A.3d 1205 (2015), cert. denied,        U.S.       , 136 S. Ct. 1361, 194 L. Ed. 2d 376 (2016). In *Miller* v. *Alabama*, 567 U.S. 460, 465, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012), the United States Supreme Court held that the imposition of a mandatory life sentence without the possibility of parole on an individual who was less than eighteen years old when the offense was committed violates the eighth amendment prohibition on cruel and unusual punishment. This court, in discussing these recent cases, recognized that "[e]ighth amendment jurisprudence relating to the sentencing of juvenile offenders unequivocally recognizes a juvenile offender as an individual who has not attained the age of eighteen." *Haughey* v. *Commissioner of Correction*, 173 Conn. App. 559, 571, 164 A.3d 849, cert. denied, 327 Conn. 906, 170 A.3d 1 (2017).

In his motion, the defendant has attempted to raise

an issue of first impression under *our state* constitution. Specifically, he contends that the constitutional protections that prevent the imposition of a life sentence on a person less than eighteen years old without adequate consideration by the sentencing court of the defendant's youth and immaturity should be extended under our state constitution to all individuals who are less than twenty years old when they commit the offense. Although this court has declined to afford such protections to individuals who are eighteen years or older pursuant to our federal constitution; see id.; we have not yet had occasion to decide whether our state constitution provides greater rights in this context. In the defendant's view, the increased understanding of psychology and brain science that underlies our eighth amendment jurisprudence; see *State* v. *Riley*, supra, 315 Conn. 645; justifies interpreting our state constitutional guarantees protecting against cruel and unusual punishment to apply to individuals who were nineteen years old when they committed the underlying offense.

We express no opinion regarding the merits of this novel claim. We do note, however, that at least one other state has entertained a similar claim under its respective state constitution. See, e.g., *People* v. *House*, 72 N.E.3d 357, 388–89 (Ill. App. 2015) (defendant who was nineteen years old when offense was committed entitled under state constitution to consideration of his youth and immaturity before imposition of mandatory life sentence), appeal denied and vacated, Docket No. 122134, 2018 WL 6242309 (Ill. November 28, 2018), and appeal denied, Docket No. 122140, 2018 WL 6242310 (Ill. November 28, 2018); see also *State* v. *O'Dell*, 183 Wn. 2d 680, 696, 358 P.3d 359 (2015) (pursuant to statutory sentencing scheme, defendant who was eighteen years old at time of commission of offense entitled to have his youth considered as mitigating factor). In order to pursue this novel claim, including any subsequent appellate review thereof, the defendant in the present case was entitled to make an evidentiary record of any facts that would be relevant to it, including evidence of the underlying brain science that would justify treating a nineteen year old like a seventeen year old.

In the defendant's motion to correct an illegal sentence, the defendant requested that "the court [give] him a reasonable opportunity . . . to present a complete biographical, sociological, and psychological profile of himself; expert testimony explaining the relationship between adolescent brain development and behavioral development, including impulsivity, decision-making judgment, understanding of consequences, and the effects of peer influences; and expert witness [testimony] applying these concepts of adolescent brain and brain behavioral development to the defendant's biological, sociological, and psychological profile." (Footnote omitted.) By sua sponte adjudicating his motion without the benefit of an opportunity to be

heard, the trial court frustrated the defendant's right to assert fully his claim, including making any evidentiary presentation that he believed necessary. Prior to the denial of the motion, the defendant was not advised regarding his right to counsel,[9] allowed to call witnesses, or given an opportunity to present expert testimony. Accordingly, we conclude that the court improperly denied his motion without first providing him a meaningful opportunity to be heard.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

[1] The defendant also claims that the trial court improperly (1) failed to adequately protect his right to counsel under *State* v. *Casiano*, 282 Conn. 614, 922 A.2d 1065 (2007), and (2) denied his motion to correct an illegal sentence on the merits. Because we conclude that the trial court improperly denied the motion to correct an illegal sentence without first conducting a hearing, we do not reach the merits of these claims. Additionally, on remand the defendant will have an opportunity to obtain counsel from the trial court in accordance with *Casiano*.

[2] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

[3] The defendant also argues that his sentence violated his constitutional right to be free from cruel and unusual punishment, as protected by the eighth and fourteenth amendments to the United States constitution.

[4] The defendant initially appealed to this court (AC 39539). The defendant's appeal was transferred to our Supreme Court (SC 19766), but later was transferred back to this court (AC 40217).

[5] Practice Book § 64-1 is titled "Statement of Decision by Trial Court; When Required; How Stated; Contents" and provides in relevant part: "(a) The trial court shall state its decision either orally or in writing, in all of the following: (1) in rendering judgments in trials to the court in civil and criminal matters, including rulings regarding motions for stay of executions, (2) in ruling on aggravating and mitigating factors in capital penalty hearings conducted to the court, (3) in ruling on motions to dismiss under Section 41-8, (4) in ruling on motions to suppress under Section 41-12, (5) in granting a motion to set aside a verdict under Section 16-35, and (6) in making any other rulings that constitute a final judgment for purposes of appeal under Section 61-1, including those that do not terminate the proceedings. The court's decision shall encompass its conclusion as to each claim of law raised by the parties and the factual basis therefor. If oral, the decision shall be recorded by a court reporter, and, if there is an appeal, the trial court shall create a memorandum of decision for use in the appeal by ordering a transcript of the portion of the proceedings in which it stated its oral decision. The transcript of the decision shall be signed by the trial judge and filed with the clerk of the trial court. . . .

"(b) If the trial judge fails to file a memorandum of decision or sign a transcript of the oral decision in any case covered by subsection (a), the appellant may file with the appellate clerk a notice that the decision has not been filed in compliance with subsection (a). The notice shall specify the trial judge involved and the date of the ruling for which no memorandum of decision was filed. The appellate clerk shall promptly notify the trial judge of the filing of the appeal and the notice. The trial court shall thereafter comply with subsection (a)."

[6] In *Green* v. *Commissioner of Correction*, supra, 184 Conn. App. 81–84, this court interpreted the language of Practice Book § 23-24 to permit a habeas court to dispose of a petition for habeas corpus without a hearing by "declining to issue the writ" if the court concluded, among other things, that the court lacked jurisdiction over the writ.

[7] Neither party filed a motion for reconsideration or to vacate the prior judgment. The judgment denying the defendant's motion rendered on June 30, 2016, was not set aside or opened prior to the proceeding on September 29, 2016.

[8] Additionally, we note that the judgment file is consistent with our conclu-

sion that the court's decision to deny the motion was made prior to the hearing. The judgment file provides: "On June 30, 2016, the [c]ourt, having reviewed the motion in chambers, denied the defendant's motion to correct [an] illegal sentence. On September 29, 2016, having heard the parties, the [c]ourt reiterated its June 30 decision and stated reasons on the record, denying the defendant's motion to correct [an] illegal sentence."

[9] At the September 29, 2016 proceeding, the defendant requested counsel to help him develop this claim. The defendant stated: "Your Honor, I'm asking for standby counsel to be able to assist me so I can . . . obtain the case law and actually refile this as an amended [Practice Book §] 43-22, setting forth my claims." The defendant had standby counsel at the proceeding; however, he was not canvassed by the judge on his request for counsel. Although the defendant used the term "standby counsel," this was not consistent with his request for assistance developing case law, as legal research is beyond the scope of the responsibilities of standby counsel. See *State* v. *Fernandez*, 254 Conn. 637, 658, 758 A.2d 842 (2000) ("[T]he role of standby counsel is essentially to be present with the defendant in court and to supply the limited assistance provided for in Practice Book § 44-5, the provision governing the function of standby counsel. We further clarify that standby counsel does not, however, have any obligation to perform legal research for the defendant." [Footnote omitted.]), cert. denied, 532 U.S. 913, 121 S. Ct. 1247, 149 L. Ed. 2d 153 (2001).

––––––––––––––––––