******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* JAMIE LOVE
(AC 43484)

Moll, Alexander and Suarez, Js.

*Syllabus*

The defendant, who had been convicted, on a plea of guilty, of assault in
the first degree and carrying a pistol without a permit, appealed to this
court from the judgment of the trial court denying his motion to correct
an illegal sentence. The defendant claimed that the trial court erred by
failing to appoint counsel pursuant to statute (§ 51-296 (a)) and *State*
v. *Casiano* (282 Conn. 614). *Held* that the trial court improperly denied
the defendant's motion to correct an illegal sentence without appointing
counsel: the central holding of *Casiano* is that, pursuant to § 51-296
(a), a self-represented defendant has the right to counsel to determine
whether a sound basis exists for a motion to correct an illegal sentence,
and the defendant's specific reference to *Casiano* in his motion consti-
tuted an affirmative request for counsel; accordingly, the judgment of
the trial court denying the defendant's motion to correct an illegal sen-
tence was reversed and the case was remanded in order for counsel to
be appointed in accordance with *Casiano*.

Argued February 4—officially released April 6, 2021

*Procedural History*

Substitute information charging the defendant with
the crimes of assault in the first degree, conspiracy to
commit assault in the first degree, criminal use of a
firearm, carrying a pistol without a permit, and unlawful
discharge of a firearm, brought to the Superior Court
in the judicial district of Waterbury, where the defen-
dant was presented to the court, *Fasano, J.*, on a plea
of guilty to assault in the first degree and carrying a
pistol without a permit; judgment of guilty in accor-
dance with the plea; thereafter, the court, *Hon. Roland
D. Fasano*, judge trial referee, denied the defendant's
motion to correct an illegal sentence, and the defendant
appealed to this court. *Reversed; further proceedings.*

*David B. Bachman*, assigned counsel, for the appel-
lant (defendant).

*Sarah Hanna*, senior assistant state's attorney, with
whom, on the brief, was *Maureen Platt*, state's attorney,
for the appellee (state).

*Opinion*

ALEXANDER, J. The defendant, Jamie Love, appeals from the judgment of the trial court denying his motion to correct an illegal sentence. On appeal, the defendant claims that the court erred by failing to appoint counsel pursuant to General Statutes § 51-296 (a)[1] and *State* v. *Casiano*, 282 Conn. 614, 922 A.2d 1065 (2007). We agree and, accordingly, reverse the judgment of the trial court and remand the case for further proceedings in accordance with this opinion.

The following undisputed facts and procedural history are relevant to this appeal. On November 9, 2017, the defendant pleaded guilty pursuant to the *Alford* doctrine[2] to assault in the first degree in violation of General Statutes § 53a-59 (a) (1) and to carrying a pistol without a permit in violation of General Statutes § 29-35 (a). On January 31, 2018, the court imposed a total effective sentence of eight years of incarceration followed by ten years of special parole.

Thereafter, on or about June 20, 2019, the defendant, representing himself, filed a motion to correct an illegal sentence and an accompanying memorandum of law, arguing, inter alia, that the sentencing court was not provided with accurate information; that he was not given an opportunity to review the presentence investigation report and therefore was unable to correct potential mistakes contained therein; and that a conflict of interest existed between his trial counsel and the prosecutor. Significant for purposes of this appeal, the defendant stated that his motion was made "[p]ursuant to . . . *State* v. *Casiano* . . . ." On June 30, 2019, the court, without conducting a hearing, denied the defendant's motion "[without] prejudice pending the outcome of habeas filed by petitioner."

On appeal, the defendant argues that the court improperly denied his motion to correct an illegal sentence because it did not appoint counsel pursuant to § 51-296 (a) to determine whether there was a "sound basis" for his motion as required by *State* v. *Casiano*, supra, 282 Conn. 627–28. The state argues that the right to appointed counsel under *Casiano* is not self-executing. The state contends that, because the defendant made only a cursory reference to "*State* v. *Casiano*" in his motion, this reference was not an affirmative request for counsel. Although we agree with the state that the appointment of counsel for a motion to correct an illegal sentence is not self-executing and that a request for counsel must be made before counsel is appointed,[3] we determine that the defendant's reference to *Casiano* in his motion constituted an affirmative request for counsel.

Our analysis is guided by the following legal principles. "[I]t is axiomatic that [t]he judicial authority may at any time correct an illegal sentence or other illegal

disposition, or it may correct a sentence imposed in an illegal manner. . . . A motion to correct an illegal sentence constitutes a narrow exception to the general rule that, once a defendant's sentence has begun, the authority of the sentencing court to modify that sentence terminates. . . . Indeed, [i]n order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding [itself] . . . must be the subject of the attack. . . . Therefore, the motion is directed to the sentencing court, which can entertain and resolve the challenge most expediently." (Citation omitted; internal quotation marks omitted.) *State* v. *Francis*, 322 Conn. 247, 259–60, 140 A.3d 927 (2016).

A review of *State* v. *Casiano*, supra, 282 Conn. 614, and its progeny will facilitate the resolution of this appeal. In *Casiano*, our Supreme Court analyzed whether the term "any criminal action" in § 51-296 (a) encompassed a motion to correct an illegal sentence and, thus, whether the appointment of counsel was required for indigent defendants with respect to such motions. Our Supreme Court determined that, in connection with a motion to correct an illegal sentence filed pursuant to Practice Book § 43-22, "a defendant has a right to the appointment of counsel for the purpose of determining whether a defendant who wishes to file such a motion has a sound basis for doing so. If appointed counsel determines that such a basis exists, the defendant also has the right to the assistance of such counsel for the purpose of preparing and filing such a motion and, thereafter, for the purpose of any direct appeal from the denial of that motion." *State* v. *Casiano*, supra, 627–28.

In *State* v. *Francis*, supra, 322 Conn. 259, our Supreme Court concluded that it was harmful error for a trial court to fail to appoint counsel to represent the defendant "even for the limited purpose of determining whether a sound basis existed for him to file his motion [to correct illegal sentence]." In that case, the trial court did not appoint a public defender for the purposes of sound basis review after the defendant had filed his third motion to correct an illegal sentence.[4] Id., 268. Instead, the court clerk's office alerted a public defender, who reported to the court that it was his opinion that the defendant's motion "does not have sufficient merit." Id., 252–53. The defendant objected and requested that the public defender state the specific grounds and reasoning on which he had formed his conclusion. Id., 255. The trial court denied the request and subsequently denied the defendant's motion. Id.

Consistent with the holding of *Casiano*, our Supreme Court in *Francis* outlined the following procedure to be used in a motion to correct an illegal sentence: "[W]hen an indigent defendant requests that counsel be appointed to represent him in connection with the

filing of a motion to correct an illegal sentence, the trial court must grant that request for the purpose of determining whether a sound basis exists for the motion. . . . If, after consulting with the defendant and examining the record and relevant law, counsel determines that no sound basis exists for the defendant to file such a motion, he or she must inform the court and the defendant of the reasons for that conclusion, which can be done either in writing or orally. If the court is persuaded by counsel's reasoning, it should permit counsel to withdraw and advise the defendant of the option of proceeding as a self-represented party." (Citation omitted; footnote omitted.) Id., 267–68. The court concluded that the trial court's denial of counsel to represent the defendant constituted harmful error and remanded the case for further proceedings. Id., 268–70.

In *State* v. *White*, 182 Conn. App. 656, 670, 191 A.3d 172, cert. denied, 330 Conn. 924, 194 A.3d 291 (2018), this court further outlined the role of appointed counsel in a motion to correct an illegal sentence under *Casiano*, and noted the dual roles of counsel in such circumstance. This court stated: "Perhaps the role can best be described by requiring traditional standards of advocacy in the preparatory stage, including thorough legal and factual review of the record with an eye to developing a plausible favorable position, but also requiring objective candor in presenting the client's best claims to the court and his client. A client may well not be pleased by his attorney's presentation of a negative appraisal, but this tension results from the dual nature of the role required by *Casiano* and *Francis* . . . ." Id.

With this background in mind, we turn to the specific facts at issue in the present case. The limited question on appeal is whether the defendant's reference to "*State* v. *Casiano*" in his motion to correct an illegal sentence constituted a request for counsel under § 51-296 (a) and *State* v. *Casiano*, supra, 282 Conn. 614. We conclude that it did.

In his motion to correct an illegal sentence the defendant stated that his motion was made "[p]ursuant to . . . *State* v. *Casiano* . . . ." The state argues that this cursory reference to *Casiano* did not constitute a request for counsel and could be read as supporting only a general reference to the filing of a motion to correct an illegal sentence. We disagree.

The central holding of *Casiano* is that, pursuant to § 51-296 (a), a self-represented defendant has the right to counsel to determine whether a sound basis exists for a motion to correct an illegal sentence. *State* v. *Casiano*, supra, 282 Conn. 627; see also *State* v. *Francis*, supra, 322 Conn. 261. When a self-represented defendant specifically refers to "*State* v. *Casiano*" in a motion to correct an illegal sentence, we conclude that this reference is sufficient to constitute an affirmative request for counsel. [5]

In the present case, the court made no inquiry of the defendant as to his invocation of *Casiano* in his motion to correct an illegal sentence and instead summarily disposed of the motion without holding a hearing.[6] In light of the case law set forth herein, we conclude that the court improperly denied the motion without appointing counsel and we remand the case so that counsel may be appointed to represent the defendant in accordance with *Casiano*.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

[1] General Statutes § 51-296 (a) provides in relevant part: "In any criminal action . . . the court before which the matter is pending shall, if it determines after investigation by the public defender or his office that a defendant is indigent as defined under this chapter, designate a public defender, assistant public defender or deputy assistant public defender to represent such indigent defendant . . . ."

[2] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[3] The right to counsel in connection with the filing of a motion to correct an illegal sentence is statutory in nature. See *State* v. *White*, 182 Conn. App. 656, 666, 191 A.3d 172, cert. denied, 330 Conn. 924, 194 A.3d 291 (2018). A defendant must affirmatively request the appointment of counsel in connection with his motion and the trial court must grant such request for the initial inquiry of determining whether a sound basis exists for the motion. See *State* v. *Francis*, 322 Conn. 247, 267, 140 A.3d 927 (2016); *State* v. *Casiano*, supra, 282 Conn. 627–28; see also Practice Book § 44-2 ("[i]n any other situation in which a defendant is unable to obtain counsel by reason of indigency, and is . . . statutorily entitled to the assistance of counsel, such defendant may *request* the judicial authority to appoint a public defender in accordance with Section 44-1" (emphasis added)).

[4] In *Francis*, the defendant himself did not request counsel under *Casiano*. Instead, the court, sua sponte, inquired as to whether the defendant understood that he had the right to counsel under *State* v. *Casiano*, supra, 282 Conn. 627–28. See *State* v. *Francis*, supra, 322 Conn. 252.

[5] The state contends that the defendant did not properly cite *Casiano* because he provided no citation to the reported decision, stating only "*State* v. *Casiano*," and that this incomplete citation could not have put the court on notice that the defendant was actually referring to *State* v. *Casiano*, supra, 282 Conn. 614. We find this argument unavailing given our "established policy . . . to be solicitous of [self-represented] litigants"; (internal quotation marks omitted) *State* v. *Cotto*, 111 Conn. App. 818, 820, 960 A.2d 1113 (2008); and the fact that "*Casiano*" has become a well-known shorthand for a self-represented defendant's right to counsel to determine whether a sound basis exists for a motion to correct an illegal sentence.

The state additionally argues that, because the defendant did not file an application for appointment of counsel with his motion, the court could not have known that the defendant intended to invoke his right to counsel. The state contends that the "application [for appointment of counsel], or its functional equivalent, is the only avenue by which a court can determine . . . whether a defendant seeks to avail himself of his statutory right to counsel . . . ." We disagree. An application for appointment of counsel is not required to be attached to a motion to correct an illegal sentence to properly notify the court that the defendant may wish to invoke his right to counsel.

[6] In *State* v. *Miller*, 186 Conn. App. 654, 659, 200 A.3d 735 (2018), this court held that a trial court "is not authorized to dispose summarily of a motion to correct an illegal sentence," and concluded that a hearing is necessary before disposing of the motion. In that case, the defendant also raised the claim that the trial court failed to protect his right to counsel under *Casiano*. Id., 655 n.1. This court did not address that claim, however, noting that "on remand the defendant will have an opportunity to obtain counsel from the trial court in accordance with *Casiano*." Id., 656 n.1.