STATE OF CONNECTICUT *v.* DEAN B. HOLLIDAY
(AC 30482)

Gruendel, Lavine and Dupont, Js.

Argued September 23—officially released November 17, 2009

*Dean B. Holliday*, pro se, the appellant (defendant).

*Lisa A. Riggione*, senior assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Brian Preleski*, senior assistant state's attorney, for the appellee (state).

*Opinion*

LAVINE, J. The defendant, Dean B. Holliday, appeals from the judgment of the trial court denying his motion to correct an illegal sentence, which he filed pursuant to Practice Book § 43-22.[1] On appeal, the defendant claims that the court improperly denied his motion to correct an illegal sentence. He argues that his consecutive sentences for attempt to commit robbery in the first degree in violation of General Statutes §§ 53a-49 and 53a-134 (a) (2), and conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 and 53a-134 (a) (2) were not authorized by statute. We affirm the judgment of the trial court.

The following facts are relevant to the defendant's appeal. On April 25, 2002, following a jury trial, the defendant was found guilty of attempt to commit robbery in the first degree, conspiracy to commit robbery in the first degree and attempt to commit robbery in the second degree.[2] He was later sentenced to twenty years incarceration for attempt to commit robbery in the first degree to be served consecutively to twenty years incarceration for conspiracy to commit robbery in the first degree. He also received a sentence of ten years incarceration for attempt to commit robbery in

---

[1] Practice Book § 43-22 provides: "The judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner."

[2] For the facts underlying the conviction, see *State* v. *Holliday*, 85 Conn. App. 242, 244–46, 856 A.2d 1041, cert. denied, 271 Conn. 945, 861 A.2d 1178 (2004).

the second degree, although that sentence was to be served concurrently with one of the other sentences, for a total effective sentence of forty years incarceration. The defendant filed a direct appeal to this court, and we affirmed the judgment of the trial court, *Wollenberg*, *J.* See *State* v. *Holliday*, 85 Conn. App. 242, 856 A.2d 1041, cert. denied, 271 Conn. 945, 861 A.2d 1178 (2004).

The defendant applied to the sentence review division (division) of the Superior Court for review of his sentence on July 10, 2002. On April 26, 2005, the division remanded the case to the trial court with an order to resentence the defendant to thirteen years incarceration on the conviction of attempt to commit robbery in the first degree to be served consecutively with twelve years incarceration for the conviction of conspiracy to commit robbery in the first degree. The sentence for the conviction of attempt to commit robbery in the second degree was not modified by the division, resulting in a total effective sentence of twenty-five years incarceration.

Following the denial of his motion for a new trial, the defendant filed a motion to correct an illegal sentence on June 19, 2008. After hearing argument on the motion, the court, *D'Addabbo*, *J.*, denied the defendant's motion. This appeal followed.

The defendant claims that the court improperly denied his motion to correct an illegal sentence because his consecutive sentences for attempt to commit robbery in the first degree in violation of §§ 53a-49 and 53a-134 (a) (2) and conspiracy to commit robbery in the first degree in violation of §§ 53a-48 and 53a-134 (a) (2) were not authorized by statute. Specifically, he argues that (1) a court cannot impose consecutive sentences for attempt and conspiracy to commit the same crime, (2) the legislature could not have intended that

attempt to commit robbery and conspiracy to commit robbery carry greater exposure than the actual commission of a robbery and (3) General Statutes § 53a-37 is unclear as to whether the legislature intended to authorize consecutive sentences for attempt and conspiracy. The defendant's claims lack merit.

"We review claims that the court improperly denied the defendant's motion to correct an illegal sentence under an abuse of discretion standard." (Internal quotation marks omitted.) *State* v. *Henderson*, 93 Conn. App. 61, 66, 888 A.2d 132, cert. denied, 277 Conn. 927, 895 A.2d 800 (2006). In the present case, however, the defendant's claim presents a question of statutory interpretation over which our review is plenary. *State* v. *Garner*, 270 Conn. 458, 478, 853 A.2d 478 (2004).

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning, General Statutes § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *State* v. *Tabone*, 279 Conn. 527, 534–35, 902 A.2d 1058 (2006).

I

The defendant's first claim, which is that a court cannot impose consecutive sentences for attempt and conspiracy to commit the same crime, is in direct contradiction with the plain language of §§ 53a-37, 53a-48

and 53a-49. Section 53a-37 provides in relevant part: "When multiple sentences of imprisonment are imposed on a person at the same time . . . the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other . . . ."

For the defendant's claim to have legal merit, it must be the case that receiving multiple sentences for attempt and conspiracy violates his right to be free from double jeopardy. Attempt to commit robbery in the first degree in violation of § 53a-49[3] and conspiracy to commit robbery in the first degree in violation of § 53a-48[4] are separate and distinct offenses for the purposes of double jeopardy. "In determining whether a defendant has been placed in double jeopardy under the multiple punishments prong, we apply a two step process. First, the charges must arise out of the same act or transaction. Second, it must be determined whether the charged crimes are the same offense. Multiple punishments are forbidden only if both conditions are met." (Internal quotation marks omitted.) *State* v. *Alvaro F.*, 291 Conn. 1, 6, 966 A.2d 712, cert. denied, 558 U.S. 882, 130 S. Ct. 200, 175 L. Ed. 2d (2009). "On appeal, the defendant bears the burden of proving that the prosecutions are for the same offense in law and fact." (Internal

---

[3] General Statutes § 53a-49 (a) provides: "A person is guilty of an attempt to commit a crime if, acting with the kind of mental state required for commission of the crime, he: (1) Intentionally engages in conduct which would constitute the crime if attendant circumstances were as he believes them to be; or (2) intentionally does or omits to do anything which, under the circumstances as he believes them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime."

[4] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

quotation marks omitted.) *State* v. *Ferguson*, 260 Conn. 339, 361, 796 A.2d 1118 (2002).

The state does not dispute that the charges arose out of the same act or transaction. We will, therefore, consider only whether the charged crimes are the same offense. When the defendant engaged in only one act or transaction, "[t]he second prong [of the double jeopardy analysis] requires application of the test set forth in *Blockburger* v. *United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932); that is, whether each offense as charged requires proof of a fact which the other does not." *State* v. *Licari*, 115 Conn. App. 633, 650, 974 A.2d 46, cert. denied, 293 Conn. 916, 979 A.2d 492 (2009). *Conspiracy* to commit robbery in the first degree requires an agreement between two or more people, while attempt to commit robbery in the first degree does not. *Attempt* to commit robbery in the first degree requires a "substantial step" in furtherance of the crime, while conspiracy to commit first degree robbery does not. The two crimes, therefore, are separate and distinct for the purposes of double jeopardy. The defendant's consecutive sentences for his conviction of attempt to commit robbery in the first degree and conspiracy to commit robbery in the first degree do not, as he contends, violate §§ 53a-37, 53a-48 and 53a-49.

II

The defendant next claims that the legislature could not have intended that attempt to commit robbery and conspiracy to commit robbery carry greater exposure than the actual commission of a robbery. Pursuant to the plain language of General Statutes § 53a-51, we disagree with the defendant's assertion.

Section 53a-51 provides: "Attempt and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or is an object of the conspiracy, except that an attempt or conspiracy to commit a

class A felony is a class B felony." The crime underlying the defendant's conviction of attempt and conspiracy was robbery in the first degree in violation of § 53a-134 (a) (2), which is a class B felony. The legislature clearly intended attempt and conspiracy to commit a class B felony to be punished the same as a class B felony or it would have noted otherwise, as it did with class A felonies. See *State* v. *Trent*, 182 Conn. 595, 598–602, 438 A.2d 796 (1981).

Here, the defendant both attempted to commit robbery in the first degree and conspired to commit robbery in the first degree. He was exposed to the maximum sentence available for each crime. According to § 53a-37, those sentences may run consecutively, exposing the defendant to a total effective sentence greater than that for a defendant who merely commits a class B felony. We therefore disagree with the defendant's argument that his sentence exceeded the range authorized by statute.

## III

The defendant's final contention is that § 53a-37 is unclear as to whether the legislature intended to authorize consecutive sentences for attempt and conspiracy. We disagree.

When multiple sentences of imprisonment are imposed on a single defendant, § 53a-37 authorizes a court to impose those sentences either concurrently or consecutively. "Under . . . § 53a-37, the trial court is authorized to impose sentences on multiple counts either to run concurrently with each other or to run consecutively to each other. The determination whether to impose concurrent or consecutive sentences is a matter within the sound discretion of the trial court." *State* v. *King*, 249 Conn. 645, 688, 735 A.2d 267 (1999).

Here, the defendant was given multiple sentences, one for attempt to commit robbery in the first degree

and one for conspiracy to commit robbery in the first degree. The court was authorized to impose those sentences either consecutively or concurrently. The court's decision to impose those sentences consecutively was within the range authorized by statute, and, therefore, the sentences were not illegal.

The judgment is affirmed.

In this opinion the other judges concurred.