******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* KENYA BROWN
(AC 41845)

DiPentima, C. J., and Alvord and Diana, Js.

*Syllabus*

The defendant, who had been convicted, on pleas of guilty, of the crimes of assault in the second degree and threatening in the first degree, appealed to this court from the judgment of the trial court denying his motion to correct an illegal sentence. In 2006, the defendant had pleaded guilty to assault in the second degree and was sentenced to eighteen months of imprisonment to run consecutively to a sentence he was serving for a 2003 conviction. In 2012, the defendant pleaded guilty to threatening in the first degree and was sentenced to fifteen months of imprisonment to run consecutively to his sentences for the 2003 and 2006 convictions. His motion to correct an illegal sentence challenged the sentences from his 2006 and 2012 convictions. On appeal, the defendant claimed that the statutes governing concurrent and consecutive sentences (§ 53a-37) and addressing the method of calculation of sentences (§ 53a-38) were ambiguous and contradictory in violation of his constitutional rights. *Held:*

1. The defendant's claim that §§ 53a-37 and 53a-38 (b) were ambiguous and contradictory was unavailing: § 53a-37 clearly and unambiguously provides that, where a person is subject to an undischarged term of imprisonment and is sentenced to an additional term of imprisonment, the sentences imposed by the court shall run either concurrently or consecutively, as the court directs at the time of sentence, and § 53a-38 (b), which governs the calculation of terms of imprisonment, provides an unambiguous method of calculation to determine the total duration of terms of imprisonment for concurrent and consecutive sentences, and, therefore, §§ 53a-37 and 53a-38 were neither ambiguous nor contradictory as applied to the defendant's sentence; moreover, the court lacked jurisdiction to adjudicate the defendant's claim that his aggregated sentence was illegal because policy changes by the Department of Correction regarding the calculation and structure of prison sentences negatively impacted his ability to seek or obtain an early release, as the defendant did not attack the legality of the sentence imposed by the court during the sentencing proceeding but, rather, the legality of his sentence as subsequently calculated by the department, and for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding itself must be the subject of the attack; accordingly, the court should have dismissed, rather than denied, that portion of the defendant's motion to correct.

2. The defendant could not prevail in his claim that § 53a-38 violated his constitutional rights to due process, to be free from double jeopardy, and to equal protection: the defendant's claim that his right to due process was violated because the aggregation of his sentences negatively impacted his eligibility for parole and risk reduction credits was not cognizable under a motion to correct an illegal sentence, and because the defendant did not receive multiple punishments for the same offense but, rather, received distinct sentences for separate offenses, his claim that the aggregation of his consecutive sentences adversely affected his eligibility for parole and risk reduction credits did not fall within the ambit of double jeopardy; moreover, the defendant's claim that § 53a-38 (b) (2) violated his right to equal protection was unavailing, as our Supreme Court has expressly stated that prisoners do not constitute a suspect class, and § 53a-38 (b) (2), which contains a plausible policy reason for the classification, meets the rational basis threshold.

Argued April 23—officially released August 27, 2019

*Procedural History*

Substitute information in the first case, charging the defendant with the crime of assault in the second

degree, and two-part substitute information, in the second case, charging the defendant with the crime of threatening in the first degree, brought to the Superior Court in the judicial district of Danbury, where the defendant was presented to the court, *Marano, J.*, on a plea of guilty as to the crime of assault in the second degree; judgment of guilty in accordance with the plea; thereafter, the defendant was presented to the court, *Blawie, J.*, on a plea of guilty as to the crime of threatening in the first degree; judgment of guilty in accordance with the plea; subsequently, the court, *Welch, J.*, denied the defendant's motion to correct an illegal sentence, and the defendant appealed to this court. *Improper form of judgment; affirmed in part; judgment directed in part.*

*Kenya O. Brown*, self-represented, the appellant (defendant).

*Bruce R. Lockwood*, supervisory assistant state's attorney, with whom, on the brief, were *Stephen J. Sedensky III*, state's attorney, and *Edward L. Miller*, assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The self-represented defendant, Kenya Brown, appeals from the trial court's denial of his motion to correct an illegal sentence. On appeal, the defendant claims that (1) General Statutes §§ 53a-37[1] and 53a-38[2] are ambiguous and contradictory, and (2) § 53a-38 is unconstitutional because it violates his constitutional rights to due process, to be free from double jeopardy, and to equal protection. We reverse the judgment of the trial court only as it relates to the portion of the defendant's motion to correct that advances arguments that do not implicate the sentencing proceeding itself. The court should have dismissed, rather than denied, this portion of the motion. We affirm the judgment of the trial court in all other respects.

The following facts are relevant on appeal. In 2003, the defendant pleaded guilty to attempt to commit murder in violation of General Statutes §§ 53a-49 and 53a-54a, and robbery in the first degree in violation of General Statutes § 53a-134 (a) (2). The defendant was sentenced to a total effective term of twenty years imprisonment. In 2006, in connection with the assault of a fellow inmate, the defendant pleaded guilty to assault in the second degree in violation of General Statutes § 53a-60 (a) (2), and was sentenced to a term of eighteen months of imprisonment to run consecutively to the sentence he was serving for the 2003 convictions. In 2012, in connection with threats the defendant had made in a letter to a judge, the defendant pleaded guilty to threatening in the first degree in violation of General Statutes § 53a-61aa, and was sentenced to a term of fifteen months of imprisonment to run consecutively to his sentences for the 2003 and 2006 convictions.

On January 10, 2018, the self-represented defendant filed a motion to correct an illegal sentence challenging the sentences from his 2006 and 2012 convictions.[3] The defendant argued that § 53a-37, governing concurrent and consecutive sentences, and § 53a-38, addressing the method of calculation for those sentences, were ambiguous and contradictory, and violated his constitutional rights to due process, to be free from double jeopardy, and to equal protection. Pursuant to *State* v. *Casiano*, 282 Conn. 614, 922 A.2d 1065 (2007), Assistant Public Defender Jenna Carriero reviewed the defendant's motion and reported in writing to the court, *Welch, J.*, that "no sound basis exist[ed] for either the correction of the defendant's sentence in the manner he outline[d] in his motion, or an appeal of the trial court's denial of that motion." At a hearing on April 27, 2018, the court accepted Attorney Carriero's report and denied the defendant's motion to correct an illegal sentence. This appeal followed.

On appeal, the defendant claims the court erred in denying his motion to correct an illegal sentence. The

defendant renews his argument that, as applied to his sentences, §§ 53a-37 and 53a-38 are ambiguous and contradictory and that § 53a-38 violated his constitutional rights to due process, to be free from double jeopardy, and to equal protection. We disagree with the defendant.

We begin by setting forth our standard of review. "A motion to correct an illegal sentence under Practice Book § 43-22 constitutes a narrow exception to the general rule that, once a defendant's sentence has begun, the authority of the sentencing court to modify that sentence terminates." *State* v. *Casiano*, supra, 282 Conn. 624. Practice Book § 43-22 states, "[t]he judicial authority may at any time correct an illegal sentence or other illegal disposition, or it may correct a sentence imposed in an illegal manner or any other disposition made in an illegal manner." "An illegal sentence . . . either exceeds the relevant statutory maximum limits, violates a defendant's right against double jeopardy, is ambiguous, or is internally contradictory. . . . Sentences imposed in an illegal manner have been defined as being within the relevant statutory limits but . . . imposed in a way which violates [a] defendant's right . . . to be addressed personally at sentencing and to speak in mitigation of punishment . . . or his right to be sentenced by a judge relying on accurate information or considerations solely on the record, or his right that the government keep its plea agreement promises . . . . [These examples are not exhaustive and will evolve to encompass rights or procedures] mandated by state law that are intended to ensure fundamental fairness in sentencing, which, if not followed, could render a sentence invalid." (Citations omitted; internal quotation marks omitted.) *State* v. *Parker*, 295 Conn. 825, 839–40, 992 A.2d 1103 (2010). Because the defendant's claims raise questions of statutory interpretation and the constitutionality of statutes, our review is plenary. See *State* v. *Meadows*, 185 Conn. App. 287, 302–303, 197 A.3d 464 (constitutionality of statutes subject to plenary review), cert. granted on other grounds, 330 Conn. 947, 196 A.3d 327 (2018); *State* v. *Holliday*, 118 Conn. App. 35, 39, 982 A.2d 268 (2009) (statutory interpretation subject to plenary review), cert. denied, 295 Conn. 909, 989 A.2d 605 (2010).

I

The defendant first claims that §§ 53a-37 and 53a-38 are "ambiguous and contradictory." Essentially, the defendant's argument on appeal is that because his 2006 and 2012 sentences run consecutively, they adversely affected his original 2003 plea agreement and, therefore, he was not provided fair notice that his ability to seek an early release would be altered accordingly. The state responds that the plain language of the two statutes is neither ambiguous nor contradictory and that the Department of Correction's (department) "changing

policies regarding the calculation and structure of prison sentences" is not a cognizable claim on a motion to correct an illegal sentence. We agree with the state.

"When construing a statute, [o]ur fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In other words, we seek to determine, in a reasoned manner, the meaning of the statutory language as applied to the facts of [the] case, including the question of whether the language actually does apply. . . . In seeking to determine that meaning [General Statutes] § 1-2z directs us first to consider the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered." (Internal quotation marks omitted.) *Smith* v. *Rudolph*, 330 Conn. 138, 143, 191 A.3d 992 (2018).

Accordingly, we now turn to the language of §§ 53a-37 and 53a-38. Section 53a-37 provides: "When multiple sentences of imprisonment are imposed on a person at the same time, or *when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and to the undischarged term or terms in such manner as the court directs at the time of sentence.* The court shall state whether the respective maxima and minima shall run concurrently or consecutively with respect to each other, and shall state in conclusion the effective sentence imposed. When a person is sentenced for two or more counts each constituting a separate offense, the court may order that the term of imprisonment for the second and subsequent counts be for a fixed number of years each. The court in such cases shall not set any minimum term of imprisonment except under the first count, and the fixed number of years imposed for the second and subsequent counts shall be added to the maximum term imposed by the court on the first count." (Emphasis added.) Additionally, § 53a-38 (b), which governs the calculation of terms of imprisonment, provides: "A definite sentence of imprisonment commences when the prisoner is received in the custody to which he was sentenced. Where a person is under more than one definite sentence, the sentences shall be calculated as follows: (1) If the sentences run concurrently, the terms merge in and are satisfied by discharge of the term which has the longest term to run; (2) *if the sentences run consecutively, the terms are added to arrive at an aggregate term and are satisfied by discharge of such aggregate term.*" (Emphasis added.)

Taken together, §§ 53a-37 and 53a-38 (b) are neither ambiguous nor contradictory. The relevant portion of § 53a-37 specifically addresses situations, like the defendant's, where a person is subject to an undischarged term of imprisonment and is subsequently sentenced to an additional term of imprisonment. The plain language of § 53a-37 clearly and unambiguously provides that, in such circumstances, the sentences imposed by the court shall run either concurrently or consecutively, as the court directs at the time of sentence. Additionally, § 53a-38 (b) provides an unambiguous method of calculation to determine the total duration for terms of imprisonment where sentences run concurrently and where sentences run consecutively. Section 53a-38 (b) (2) provides that "if the sentences run consecutively, the terms are added to arrive at an aggregate term and are satisfied by the discharge of such aggregate term." The defendant's term of imprisonment reflects this calculation. Attorney Carriero indicated that the defendant was "currently serving an aggregate sentence of 20 years [and] 33 months." The defendant was sentenced to 20 years of imprisonment in 2003, 18 months of imprisonment in 2006, and 15 months of imprisonment in 2012, each sentence running consecutively. Adding the terms of these sentences together, as required under § 53a-38 (b) (2), equals an aggregate term of 20 years and 33 months. We conclude that §§ 53a-37 and 53a-38 are neither ambiguous nor contradictory as applied to the defendant's sentence.

As to the defendant's claim that his aggregated sentence is illegal because the department's changing polices regarding the calculation and structure of prison sentences have negatively impacted his ability to seek or obtain an early release, the court lacked jurisdiction. In order for the court to have jurisdiction over a motion to correct an illegal sentence after the sentence has been executed, the sentencing proceeding itself must be the subject of attack. See *State* v. *Casiano*, supra, 282 Conn. 625. Because the defendant does not attack the legality of the sentence imposed by the court during the sentencing proceeding but, rather, the legality of his sentence as subsequently calculated by the department, his claim is not cognizable under a motion to correct an illegal sentence. *State* v. *Carmona* 104 Conn. App. 828, 832–33, 936 A.2d 243 (2007), cert. denied, 286 Conn. 919, 946 A.2d 1249 (2008). Accordingly, the court should have dismissed this portion of the defendant's claim.

II

We turn now to the defendant's claims that § 53a-38 (b) (2) violated his constitutional rights to due process, to be free from double jeopardy, and to equal protection. The state argues that each of these claims are meritless and not cognizable on a motion to correct an illegal sentence. We agree with the state.

"We begin with the well established proposition that [b]ecause a validly enacted statute carries with it a strong presumption of constitutionality, those who challenge its constitutionality must sustain the heavy burden of proving its unconstitutionality beyond a reasonable doubt. . . . In construing a statute, moreover, we will search for an effective and constitutional construction that reasonably accords with the legislature's underlying intent. . . . We also note that, [w]hen a question of constitutionality is raised, courts must approach it with caution, examine it with care, and sustain the legislation unless its invalidity is clear." (Internal quotation marks omitted.) *State* v. *Evans*, 329 Conn. 770, 809,189 A.3d 1184 (2018), cert. denied, U.S.    , 139 S. Ct. 1304, 203 L. Ed. 2d 425 (2019).

The basis of the defendant's due process claim is that the aggregation of his 2003, 2006, and 2012 sentences pursuant to § 53a-38 (b) (2), violated his right to due process because it negatively impacted his eligibility for parole and risk reduction credits and, thereby, prevented the state from keeping its plea promises and deprived the defendant of fair notice "of these alterations that take place after the sentence . . . ." We reject the defendant's argument. As previously noted in part I of this opinion, the claims raised by the defendant concerning his sentence as subsequently calculated by the department are not cognizable under a motion to correct an illegal sentence. See *State* v. *Carmona*, supra, 104 Conn. App. 832–33.[4]

The defendant next claims that § 53a-38 (b) (2) violated his right against double jeopardy because the aggregation of his consecutive sentences negatively impacted his eligibility for parole and risk reduction credits and, thereby, resulted in multiple punishments. The state argues that the defendant's claim is meritless because the constitutional guarantee against double jeopardy prohibits multiple punishments for the same offense and does not apply where a defendant's consecutive sentences are aggregated for purposes of determining parole eligibility. We agree with the state.

The United States Court of Appeals for the Second Circuit, in *Alessi* v. *Quinlan*, 711 F.2d 497, 501 (2d Cir. 1983), explained that "[a] denial of parole is a decision to withhold early release from the confinement component of a sentence. It is neither the imposition nor the increase of a sentence, and it is not punishment for purposes of the Double Jeopardy Clause, even though the [United States Parole] Commission's decision to set a later rather than an earlier parole release date may sometimes result in a longer period of confinement than might ultimately result from an increase in a court-imposed sentence. Nevertheless it is the sentence that is limited by the Double Jeopardy Clause, not the administrative decision to grant early release from confinement." This reasoning is applicable in the present case

because the defendant had not received multiple punishments for the same offense but, rather, received three distinct sentences in 2003, 2006, and 2012 for separate offenses. The defendant's claim that the aggregation of these consecutive sentences adversely affected his eligibility for parole and risk reduction credits does not, therefore, fall within the ambit of double jeopardy.

The defendant's last claim on appeal is that § 53a-38 (b) (2) violated his right to equal protection under the law. The defendant claims that prisoners sentenced to consecutive sentences are members of a "suspect class." We disagree. Our Supreme Court has expressly stated that "prisoners do not constitute a suspect class." *Perez* v. *Commissioner of Correction*, 326 Conn. 357, 384, 163 A.3d 597 (2017). Accordingly, the defendant's equal protection claim is subject to rational basis review. See *State* v. *Wright*, 246 Conn. 132, 139, 716 A.2d 870 (1998) ("The equal protection clause does not require absolute equality or precisely equal advantages [between such similarly situated persons] . . . . To determine whether a particular classification violates the guarantees of equal protection, the court must consider the character of the classification . . . . Where . . . the classification at issue neither impinges upon a fundamental right nor affects a suspect group it will withstand constitutional attack if the distinction is founded on a rational basis." [Citations omitted; internal quotation marks omitted.]) "Rational basis review is satisfied so long as there is a plausible policy reason for the classification . . . . [I]t is irrelevant whether the conceivable basis for the challenged distinction actually motivated the legislature." (Citations omitted; internal quotation marks omitted.) Id., 139–40. We conclude that § 53a-38 (b) (2), which clearly contains a plausible policy reason for the classification, meets the rational basis threshold and therefore withstands the defendant's constitutional challenge on equal protection grounds.

The form of the judgment is improper, the judgment denying the defendant's motion to correct an illegal sentence is reversed in part and the case is remanded with direction to dismiss the portion of the defendant's motion to correct an illegal sentence that advances arguments that do not implicate the sentencing proceeding itself; the judgment is affirmed in all other respects.

[1] General Statutes § 53a-37 provides: "When multiple sentences of imprisonment are imposed on a person at the same time, or when a person who is subject to any undischarged term of imprisonment imposed at a previous time by a court of this state is sentenced to an additional term of imprisonment, the sentence or sentences imposed by the court shall run either concurrently or consecutively with respect to each other and to the undischarged term or terms in such manner as the court directs at the time of sentence. The court shall state whether the respective maxima and minima shall run concurrently or consecutively with respect to each other, and shall state in conclusion the effective sentence imposed. When a person is sentenced for two or more counts each constituting a separate offense, the

court may order that the term of imprisonment for the second and subsequent counts be for a fixed number of years each. The court in such cases shall not set any minimum term of imprisonment except under the first count, and the fixed number of years imposed for the second and subsequent counts shall be added to the maximum term imposed by the court on the first count.''

[2] General Statutes § 53a-38 (b) provides: ''A definite sentence of imprisonment commences when the prisoner is received in the custody to which he was sentenced. Where a person is under more than one definite sentence, the sentences shall be calculated as follows: (1) If the sentences run concurrently, the terms merge in and are satisfied by discharge of the term which has the longest term to run; (2) if the sentences run consecutively, the terms are added to arrive at an aggregate term and are satisfied by discharge of such aggregate term.''

[3] In 2016, the defendant filed a motion to correct an illegal sentence, which was subsequently denied. This prior motion is not the subject of this appeal.

[4] Although this determination is dispositive of the defendant's due process claim, we note that the defendant does not have a cognizable liberty interest in either his parole eligibility or his risk reduction credits. See *Perez* v. *Commissioner of Correction*, 326 Conn. 357, 371–72, 163 A.3d 597 (2017) (''This court previously has held that parole eligibility under [General Statutes] § 54-125a does not constitute a cognizable liberty interest sufficient to invoke habeas jurisdiction. . . . It follows that if an inmate has no vested liberty interest in the *granting* of parole, then the *timing* of when the board could, in its discretion, grant parole does not rise to the level of a vested liberty interest either. . . . [T]he award of risk reduction credit itself is at the discretion of the respondent.'' [Citations omitted; emphasis in original; footnote omitted; internal quotation marks omitted.]).