******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* JUBAR T. HOLLEY
(AC 42104)

Lavine, Moll and Flynn, Js.

*Syllabus*

The defendant, who had been convicted, on a plea of nolo contendere, of four counts of the crime of criminal possession of a firearm appealed to this court from the judgment of the trial court denying his motion to correct an illegal sentence. In his motion, the defendant claimed that, because the four firearms were found in a single event, his possession of them constituted only one offense, and, therefore, the imposition by the sentencing court of consecutive sentences violated the federal and state constitutional prohibitions against double jeopardy. In concluding that the consecutive sentences did not violate double jeopardy, the trial court analyzed the controlling statute ((Rev. to 2013) § 53a-217 (a) (1)), which provided in relevant part that a person is guilty of criminal possession of a firearm when such person possesses a firearm and has been convicted of a felony. *Held*:

1. The trial court properly concluded that the defendant's consecutive sentences did not violate the constitutional prohibition against double jeopardy and denied the defendant's motion to correct an illegal sentence: that court properly construed § 53a-217 (a) (1) as criminalizing the possession of a single firearm, and, therefore, the plain and unambiguous words of the statute demonstrated the legislature's intent to punish the possession of each individual firearm; moreover the defendant's reliance on *State* v. *Rawls* (198 Conn. 111) and *State* v. *Ruscoe* (212 Conn. 223) in support of his contention that § 53a-217 (a) (1) was ambiguous was unavailing, as those cases were factually distinguishable from the present case because § 53a-217 (a) (1) criminalized the possession of "a" firearm, not "any" firearm, as was the case in *Rawls*, and the word firearm is not a word that can be both singular and plural, as was the case with the word at issue in *Ruscoe*.

2. The defendant could not prevail on his claim that the trial court improperly failed to apply the rule of lenity when a reasonable doubt persisted as to whether the legislature intended to authorize punishments for the simultaneous possession of more than one firearm under § 53a-217 (a) (1); because this court rejected the defendant's contention that § 53a-217 (a) (1) was ambiguous, the rule of lenity was not applicable.

Argued January 15—officially released April 28, 2020

*Procedural History*

Information charging the defendant with thirty-eight counts of criminal possession of a firearm, brought to the Superior Court in the judicial district of Hartford, where the court, *Bentivegna, J.*, denied the defendant's motion to suppress; thereafter, the defendant was presented to the court, *Alexander, J.*, on a plea of nolo contendere to four counts of criminal possession of a firearm; judgment of guilty of four counts of criminal possession of a firearm; subsequently, the state entered a nolle prosequi on each of the remaining counts, and the defendant appealed to this court; thereafter, the appeal was transferred to the Supreme Court, which affirmed the judgment of the trial court; subsequently, the court, *Schuman, J.*, denied the defendant's motion to correct an illegal sentence, and the defendant appealed to this court. *Affirmed*.

*Deborah G. Stevenson*, assigned counsel, for the appellant (defendant).

*Rocco A. Chiarenza*, assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *John F. Fahey*, supervisory assistant state's attorney, for the appellee (state).

*Opinion*

LAVINE, J. The defendant, Jubar T. Holley, appeals from the judgment of the trial court denying his motion to correct an illegal sentence. The defendant's central claim on appeal is that the trial court improperly concluded that his consecutive sentences did not violate the federal and state constitutional prohibitions against double jeopardy. Specifically, the defendant claims that the trial court improperly denied his motion to correct an illegal sentence by (1) relying on federal and sister state case law, rather than on Connecticut precedent, (2) applying an incorrect standard of review, and (3) failing to apply the rule of lenity.[1] To resolve the defendant's appeal, we are required to determine whether the legislature, in enacting General Statutes (Rev. to 2013) § 53a-217 (a) (1),[2] the criminal possession of a firearm statute, intended to punish the possession of each firearm or to punish only once the act of possessing multiple firearms. Our resolution of this question informs our analysis of the defendant's ancillary claim that the trial court improperly failed to apply the rule of lenity. We affirm the judgment of the trial court.

The record reveals the following relevant facts and procedural history. On March 14, 2013, the police executed a search warrant at the defendant's home and seized numerous firearms and firearm related items. The defendant was charged with thirty-eight counts of criminal possession of a firearm in violation of § 53a-217 (a) (1). The state alleged as to each count that "on or about March 15, 2013 at approximately 9:00 a.m. at or near 22 Livingston Road, East Hartford, Connecticut, the defendant possessed a firearm and had been convicted of a felony." The defendant filed a motion to suppress on the ground that the search warrant was invalid, which the court denied. The defendant pleaded nolo contendere to the first four counts of criminal possession of a firearm in violation of § 53a-217 (a) (1), conditioned on his right to appeal from the trial court's denial of his motion to suppress. The defendant's conviction was upheld by our Supreme Court. See *State v. Holley*, 324 Conn. 344, 346–50, 152 A.2d 532 (2016) (affirming denial of defendant's motion to suppress). The trial court sentenced the defendant to five years of incarceration on count one, two years of incarceration, followed by three years of special parole on each of counts two and three, consecutive to one another and consecutive to count one, and five years of incarceration on count four, to run concurrently with count one. The defendant's total effective sentence was nine years of incarceration, followed by six years of special parole.

On February 17, 2017, the self-represented defendant filed a motion to correct an illegal sentence and argued, inter alia, that his sentences violated the fifth and fourteenth amendments to the United States constitution and article first, §§ 8, 10, and 20, of the constitution of

Connecticut[3] because he received four sentences for one crime that was predicated on essentially the same facts, offense, conduct, and time, and for a single occurrence. The trial court, *Dewey, J.*, concluded that there had been no constitutional violation and dismissed the motion on July 28, 2017.

On January 19, 2018, the self-represented defendant filed a second motion to correct an illegal sentence and a memorandum of law in support thereof. The defendant asserted that, because the four firearms were found in a single event, his possession of them constituted only one offense. He argued, therefore, that the imposition of consecutive sentences violated the federal and state constitutional prohibitions against double jeopardy.[4] The defendant retained counsel who filed supplemental memoranda in support of the defendant's motion on April 13 and May 23, 2018. The state argued in opposition that the defendant pleaded nolo contendere to four separate and distinct counts and, with respect to each count, the defendant received a sentence that was within the statutory guidelines and did not exceed the maximum sentence set by the legislature. The motion was heard by the court, *Schuman, J.*, on July 16, 2018.

The court issued a memorandum of decision on July 19, 2018, denying the defendant's motion. The court resolved the defendant's claim—that his consecutive sentences based on a single act of possession constituted multiple punishments for the same offense in violation of the double jeopardy clause[5]—by analyzing the controlling statute, § 53a-217 (a) (1). The court concluded: "The use of the word 'a' in § 53a-217 (a) defines the unit of prosecution in singular terms. In multiple instances in this case the defendant was in possession of 'a firearm.' Accordingly, the [sentencing] court properly imposed separate sentences for each firearm possessed."

The defendant appealed from the denial of his second motion to correct an illegal sentence.

I

The defendant claims that the trial court improperly concluded that his consecutive sentences did not violate the constitutional prohibition against double jeopardy. The defendant argues that § 53a-217 (a) (1) and its legislative history do not reveal whether the legislature intended to authorize multiple punishments for the simultaneous possession of multiple firearms and that the statute is therefore ambiguous and requires the finding of a double jeopardy violation.[6] The state counters that the plain and unambiguous use of the language "a firearm"—in the singular—establishes that each possession of a firearm by a convicted felon constitutes a separate, punishable violation of the statute. We agree with the state.[7]

We begin with the relevant legal principles and the applicable standard of review. "A motion to correct an illegal sentence under Practice Book § 43-22 constitutes a narrow exception to the general rule that, once a defendant's sentence has begun, the authority of the sentencing court to modify that sentence terminates." (Internal quotation marks omitted.) *State* v. *Brown*, 192 Conn. App. 147, 151, 217 A.3d 690 (2019). "A violation of a defendant's right against double jeopardy is one of the permissible grounds on which to challenge the legality of a sentence." *State* v. *Santiago*, 145 Conn. App. 374, 379, 74 A.3d 571, cert. denied, 310 Conn. 942, 79 A.3d 893 (2013).

"Double jeopardy claims present a question of law over which our review is plenary. . . . The fifth amendment to the United States constitution provides in relevant part: No person shall . . . be subject for the same offense to be twice put in jeopardy of life or limb . . . . The double jeopardy clause of the fifth amendment is made applicable to the states through the due process clause of the fourteenth amendment." (Citation omitted; internal quotation marks omitted.) *State* v. *Carlos P.*, 171 Conn. App. 530, 537, 157 A.3d 723, cert. denied, 325 Conn. 912, 158 A.3d 321 (2017). "The Connecticut constitution provides coextensive protection, with the federal constitution, against double jeopardy. . . . This constitutional guarantee . . . protects against multiple punishments for the same offense [in a single trial] . . . ." (Internal quotation marks omitted.) *State* v. *McColl*, 74 Conn. App. 545, 566, 813 A.2d 107, cert. denied, 262 Conn. 953, 818 A.2d 782 (2003).

"The proper double jeopardy inquiry when a defendant is convicted of multiple violations of the *same* statutory provision is whether the legislature intended to punish the individual acts separately or to punish only the course of action which they constitute. . . . The issue, though essentially constitutional, becomes one of statutory construction." (Citation omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Hearl*, 182 Conn. App. 237, 272, 190 A.3d 42, cert. denied, 330 Conn. 903, 192 A.3d 425 (2018).

"[T]he meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relationship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered. . . . [E]very case of statutory interpretation . . . requires a threshold determination as to whether the provision under consideration is plain and unambiguous. This threshold determination then governs whether extratextual sources can be used as an interpretive tool. . . . [O]ur case law is clear that ambiguity exists only if the statutory language at issue is

susceptible to more than one plausible interpretation." (Internal quotation marks omitted.) Id., 272–73.

In the present case, there is no dispute that the defendant was convicted of four counts charging violations of the same statutory section. Therefore, the question with which we are presented is whether the legislature, in enacting § 53a-217 (a) (1), intended to punish the possession of *each* firearm or to punish only once the act of possessing all of the firearms. The trial court addressed this question in its memorandum of decision, and we do the same pursuant to our plenary review.

In March, 2013, at the time the defendant was arrested for criminally possessing firearms, General Statutes (Rev. to 2013) § 53a-217 provided in relevant part: "(a) A person is guilty of criminal possession of a firearm or electronic defense weapon when such person possesses *a firearm* or electronic defense weapon and (1) has been convicted of a felony . . . ." (Emphasis added.) The statute criminalized the possession of a single firearm, and, therefore, we share the trial court's view that the plain and unambiguous words of the statute demonstrate the legislature's intent to punish the possession of each individual firearm.[8] "[I]t is a well settled principle of statutory construction that the legislature knows how to convey its intent expressly . . . or to use broader or limiting terms when it chooses to do so." (Internal quotation marks omitted.) *State* v. *Kevalis*, 313 Conn. 590, 604, 99 A.3d 196 (2014). Our conclusion is supported by the relationship of § 53a-217 (a) (1) to General Statutes § 53-202aa, which criminalizes the trafficking of "one or more firearms." The comparison evidences the legislature's awareness of the distinction between criminalizing conduct involving a single firearm and criminalizing conduct involving more than one firearm.

The defendant primarily relies on *State* v. *Rawls*, 198 Conn. 111, 502 A.2d 374 (1985), and *State* v. *Ruscoe*, 212 Conn. 223, 563 A.2d 267, cert. denied, 493 U.S. 1084, 110 S. Ct. 1144, 107 L. Ed. 2d 1049 (1989), in support of his argument that the statute is ambiguous. Those cases, however, are readily distinguishable from the facts of the present case.

"In *Rawls*, the defendant was charged and convicted under General Statutes § 19-481 (a), now General Statutes § 21a-279, which imposed liability on '[a]ny person who possesses or has under his control any quantity of any narcotic substance . . . .' The defendant argued that the convictions of two counts of possession of narcotics for the simultaneous possession of heroin and cocaine punished him twice for the same offense and thereby violated the double jeopardy provision of the United States constitution. [Our Supreme Court] stated that '[t]he proper double jeopardy inquiry when a defendant is convicted of multiple violations of the *same* statutory provision is whether the legislature intended

to punish the individual acts separately or to punish only the course of action which they constitute.' . . . [The court] noted that the statute at issue in that case was ambiguous with respect to whether separate punishments were intended for the possession of more than one kind of narcotic substance. Accordingly, [the court] held that '[u]nless a clear intention to fix separate penalties for each narcotic substance involved is expressed, the issue should be resolved in favor of lenity and against turning a single transaction into multiple offenses.' " (Citation omitted; emphasis in original.) *State* v. *Ruscoe*, supra, 212 Conn. 257.

In *Ruscoe*, our Supreme Court stated: "[T]he language of [General Statutes] § 53-132[9] does not indicate an intention to authorize multiple punishments for the simultaneous possession of more than one item. Indeed, as the defendant points out, the statute itself proscribes the possession of certain 'equipment,' a term that can be singular or plural. Furthermore, the evidence does not indicate that the defendant acquired the three items on which the serial numbers had been defaced in separate transactions and the jury might well have concluded that only 'possession' of them had been proved. Accordingly, because § 53-132 is ambiguous in respect to whether separate punishments were intended for the possession of more than one item with defective identification marks, the rule of lenity dictates that the issue be resolved in the defendant's favor, and that two of the defendant's convictions under § 53-132 must be vacated." (Footnote added.) Id., 257–58.

In *Rawls*, § 19-418, now § 21a-279, criminalized the possession of "*any* quantity of *any* narcotic substance," and in *Ruscoe*, § 53-132 criminalized the selling of "*any . . . equipment*" with defective identification marks. (Emphasis added.) Our Supreme Court concluded in both cases that the statutes were ambiguous as to whether separate punishments were authorized for the possession of more than one item. See, e.g., *State* v. *Ruscoe*, supra, 212 Conn. 257. It consequently concluded that, pursuant to the rule of lenity, the defendants' respective multiple convictions violated the prohibition against double jeopardy.[10] See, e.g., id, 258. In marked contrast, the statute at issue in the present case, § 53a-217 (a) (1), criminalized the possession of "a" firearm, not "any" firearm, as was the case in *Rawls*. Moreover, firearm is not a word that can be singular and plural, as was the case with the word equipment in *Ruscoe*.

We conclude that the trial court properly construed § 53a-217 (a) (1) and, therefore, conclude that it properly denied the defendant's second motion to correct an illegal sentence.

II

The defendant also claims that the trial court improp-

erly failed to apply the rule of lenity when a reasonable doubt persisted as to whether the legislature intended to authorize punishments for the simultaneous possession of more than one firearm. The state argues that the rule of lenity applies only when an ambiguity concerning the legislative intent exists after applying the rules of statutory construction. We agree with the state.

"[T]he touchstone of [the] rule of lenity is statutory ambiguity. . . . Thus, as the United States Supreme Court has explained, courts do not apply the rule of lenity unless a reasonable doubt persists about a statute's intended scope *even after resort to the language and structure, legislative history, and motivating policies of the statute*." (Citation omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Lutters*, 270 Conn. 198, 219, 853 A.2d 434 (2004).

Because we reject the defendant's contention that § 53a-217 (a) (1) is ambiguous; see part I of this opinion; we also reject his claim that the rule of lenity applies under the facts of the present case. Accordingly, the trial court properly denied the defendant's second motion to correct an illegal sentence.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Our analysis of the first two claims is subsumed within our plenary determination of whether the defendant's sentences violated the constitutional prohibition against double jeopardy.

[2] Hereinafter, unless otherwise indicated, all references to § 53a-217 (a) (1) in this opinion are to the 2013 revision of the statute.

[3] The double jeopardy clause of the fifth amendment to the United States constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. Const., amend. V. "The double jeopardy clause of the fifth amendment is made applicable to the states through the due process clause of the fourteenth amendment." (Internal quotation marks omitted.) *State* v. *Carlos P.*, 171 Conn. App. 530, 537, 157 A.3d 723, cert. denied, 325 Conn. 912, 158 A.3d 321 (2017). "The Connecticut constitution provides coextensive protection, with the federal constitution, against double jeopardy. . . . This constitutional guarantee . . . protects against multiple punishments for the same offense [in a single trial] . . . ." (Internal quotation marks omitted.) *State* v. *McColl*, 74 Conn. App. 545, 566, 813 A.2d 107, cert. denied, 262 Conn. 953, 818 A.2d 782 (2003).

[4] The defendant clarified in his second motion to correct an illegal sentence that he was not attacking the conviction or the sentences themselves but, rather, the manner in which the trial court imposed consecutive punishments.

[5] The defendant's claim fails to account for the fact that the imposition of his sentences was premised on his plea of nolo contendere to four separate counts.

[6] The defendant's principal argument regarding the alleged double jeopardy violation is that the trial court should have applied the test set forth in *Blockburger* v. *United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932), and, had it done so, it would have determined that his consecutive sentences violated the prohibition against double jeopardy. We do not address this argument because *Blockburger* does not apply in cases in which the defendant was convicted of multiple violations of the same statutory provision. See *State* v. *Hearl*, 182 Conn. App. 237, 272, 190 A.3d 42 ("[t]he proper double jeopardy inquiry when a defendant is convicted of multiple violations of the *same* statutory provision is whether the legislature intended to punish the individual acts separately or to punish only the course of action which they constitute" (emphasis in original)), cert. denied, 330 Conn. 903, 192 A.3d 425 (2018).

[7] The state argues alternative grounds to affirm the trial court's judgment.

Specifically, it argues that, pursuant to *State* v. *Adams*, 186 Conn. App. 84, 198 A.3d 691 (2018), the defendant was foreclosed from raising a claim that his consecutive sentences violated double jeopardy where he pleaded guilty to four counts of criminal possession of a firearm. See id., 88 ("[J]ust as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede that he has committed two separate crimes. . . . [U]nless a double jeopardy violation is apparent on the face of the charging documents, a defendant's ability to raise such a challenge is foreclosed by the admissions inherent in his or her guilty plea." (Citations omitted; internal quotation marks omitted.)). We see significant merit in this alternative argument set forth by the state; however, we choose to resolve this appeal by way of statutory interpretation as the trial court did.

The state also argues that the defendant's claim in his second motion to correct an illegal sentence is barred by the doctrine of res judicata. We decline to address this argument and, instead, reach the merits of the defendant's claim.

[8] In light of our conclusion that the statute is clear and unambiguous, we need not consider relevant federal and out-of-state case law as the trial court did in its memorandum of decision.

[9] General Statutes (Rev. to 1989) § 53-132 provides: "Any person who, with intent to defraud, knowingly, for himself or for others, buys, sells, receives, disposes of, conceals, uses or attempts to sell or dispose of, or has in his possession for any of said purposes, *any* electrical motor, apparatus, appliance, device, mechanism, container, cabinet, receptacle, *equipment* or part on which the manufacturer's serial number or other distinguishing number, name or identification mark has been removed, defaced, concealed, altered or destroyed, shall be fined not more than one hundred dollars or imprisoned not more than three months or both." (Emphasis added.) See *State* v. *Ruscoe*, supra, 212 Conn. 270 n.3.

[10] The defendant also argues that, in *Rawls* and *Ruscoe*, our Supreme Court analyzed the issue of multiple punishments for possession of multiple items pursuant to the *Blockburger* test. However, neither case cites *Blockburger*. Instead, the court looked to the text of the statutes themselves to determine the legislative intent. See, e.g., *State* v. *Rawls*, supra, 198 Conn. 121 ("the question before us becomes whether the legislature in enacting § 19-481 (a) intended to authorize dual convictions for the simultaneous possession of cocaine and heroin").